ELLA A. CARTER AND EDWIN P. CARTER, APPELLANTS,
v. PUBLIC SERVICE GAS COMPANY, RESPONDENT.

Submitted June 19, 1924—Decided October 20, 1924.

1. A corporation can only be liable for assault and battery, committed by its servant, upon the doctrine of *respondeat superior*.
2. In an action against a corporation for damages for an alleged assault and battery, committed by its servant, a judgment recovered by such servant against the plaintiff on a similar charge, which it is stipulated arose out of the same occurrences and events, is *res adjudicata* in the latter suit.

On appeal from the Essex County Circuit Court.

For the appellants, *John W. McGeehan, Jr.*

For the respondent, *Leonard J. Tynan.*

The opinion of the court was delivered by

CAMPBELL, J.   This is an appeal from a judgment of nonsuit entered at the Essex County Circuit by direction of Judge Mountain.

One Chester G. Ryerson, an agent of the defendant, was directed by the defendant to go to premises occupied by the appellants and remove a gas meter.

While in the act of so doing, the plaintiff Ella A. Carter sought to prevent the removal of the meter, and the result was an affray, out of which grew charges and counter-charges of assault and battery as between Mrs. Carter and Mr. Ryerson.

Ryerson brought suit against Mrs. Carter in the Orange District Court for damages for the alleged assault and battery upon him, and recovered a judgment of $50. This was set aside by the Supreme Court, and such reversal affirmed by the Court of Errors and Appeals. The cause was then retried in the District Court, resulting in a verdict of six cents

in favor of Ryerson. This judgment was then appealed to
the Supreme Court and the appeal dismissed, and then an
appeal taken to this court which affirmed the judgment of
dismissal of the Supreme Court.

During the foregoing proceedings appellants commenced
the action in question against the respondent for the assault
and battery alleged to have been committed by its servant,
Ryerson, upon Mrs. Carter.

The respondent answering, amongst other things, set up
the judgment of the Orange District Court, alleged that the
doctrine of *respondeat superior* applied because of the rela-
tionship of Ryerson to respondent, and that the judgment of
the District Court was *res adjudicata* of appellants' action.

Upon these grounds the learned trial judge directed the
entry of the judgment of nonsuit, and in our opinion there
was no error in so doing.

That to hold the respondent, Public Service Gas Com-
pany, liable it must be upon the principle of *respondeat
superior* is beyond debate.

The suggestion that in order to avoid the effect of the
District Court judgment the affray in question was divisible
into numerous distinct batteries, and that the suit in ques-
tion might be based upon one or more thereof, not the basis
of the recovery in the District Court, we think, is wholly
without merit, but any doubt concerning it is fully and com-
pletely put at rest by the stipulation of facts agreed to and
used in the trial at Circuit. That portion thereof which is
pertinent is as follows:

"* * * that the issue in the said District Court suit in-
volved all and only all the occurrences, matters and things
on which the plaintiffs in the above-entitled cause [being ap-
pellants' cause at Essex Circuit] * * * base their present
case against the defendant * * * Public Service Gas
Company * * *."

The judgment of the Orange District Court was *res adju-
dicata* of the issues in the Circuit Court action now before
us.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ.  16.

*For reversal*—None.