DIANA PESKOWITZ AND RUBEN PESKOWITZ, HER HUS-BAND, AND RUBEN PESKOWITZ, INDIVIDUALLY; JENNIE SHAPIRO AND SIMON SHAPIRO, HER HUS-BAND; BESSIE PESKOWITZ AND DOROTHY PES-KOWITZ, BY HER NEXT FRIEND, RUBEN PESKOWITZ, AND RUBEN PESKOWITZ, INDIVIDUALLY, RESPOND-ENTS, v. LAWRENCE F. KRAMER, INCORPORATED, AND JACOBUS KUIPER, APPELLANTS.

Argued October 18, 1928—Decided February 4, 1929.

For the appellants, *Kellogg & Chance.*

For the respondent Diana Peskowitz, *Irving L. Werksman* (*James M. Dunn,* of counsel).

The opinion of the court was delivered by

KALISCH, J.    The plaintiffs below brought their action against the defendants below, to recover damages for injuries sustained by them, while riding in an automobile propelled by Bessie Peskowitz, as the result of a collision with an automobile truck owned by the defendant corporation, and operated by its driver, Jacobus Kuiper.

The occupants of the automobile at the time of the collision were Ruben Peskowitz, the owner of the car, his wife Diana, Jennie Shapiro, Simon Shapiro, her husband, Bessie Peskowitz, the daughter of Ruben, and the driver of the car, and Dorothy Peskowitz, by next friend.    They all joined in the action against the defendants.

To the plaintiffs' complaint, the defendant corporation filed an answer and a counter-claim.    In its answer the defendant denies negligence on its part, and sets up contributory negligence of the driver of the Peskowitz car.

The plaintiffs filed a replication to the answer and counter-claim.

The gravamen of the plaintiffs' complaint is that the collision between the automobiles was the sole result of the careless, negligent and reckless manner in which the automobile was being operated by the defendant corporation's driver, upon the public highway.

The plaintiff Ruben Peskowitz claimed compensation for the damage done to his automobile, and also for loss of consortium of his wife, Diana, and to recover moneys expended by him for medical aid, hospital expenses and medicines all of which he claims were incurred to cure his wife of her injuries.

Diana Peskowitz, in her complaint, sues for the injuries caused by the collision, and for the pain and suffering endured by her, as a result thereof.

The jury rendered a verdict in favor of Diana Peskowitz for $5,000, and a verdict of no cause of action on behalf of the remaining plaintiffs, and no cause of action on the counter-claim, filed on behalf of the defendant corporation, and judgment was entered in favor of Diana Peskowitz, against the defendants. From this judgment an appeal is taken to this court.

Although there are seven grounds of appeal assigned by the appellant why the judgment brought here for review should be reversed, they all go to embrace a single inquiry as to the correctness of the proposition charged by the trial judge, namely that the contributory negligence of the husband does not *per se* preclude his wife from a right to recover compensation for injuries sustained by her, from the defendant company, as a result of such concurring negligence.

The appellant relies on the case of *Goodenough* v. *Pennsylvania Railroad Co.*, 55 *N. J. L.* 577, to sustain his contention, that a husband's contributory negligence is a bar to a wife's right of recovery for injuries received by her, through such contributory negligence.

The reason for the legal rule adopted in the Goodenough case has ceased to exist, as a result of subsequent legislation, which gives to married woman absolute control of property rights. At the time the Goodenough case was decided, the husband had an interest in the wife's action. He could give a release or discontinue the action brought by his wife.

Under section 1 of the statute of 1906, amended *Pamph. L.* 1909, *p.* 210; 3 *Comp Stat., p.* 3236, it is provided that "any married woman may maintain an action in her own name without joining her husband therein, for all torts committed against her or her separate property, in the same manner as she lawfully might if a *feme sole*." * * *

Section 2 provides: "Any action brought in accordance with the provisions of this act may be prosecuted by any married woman separately in her own name, and the non-joinder of her husband shall not be pleaded in any such action."

In *Sims* v. *Sims*, 79 *N. J. L.* 577, Mr. Justice Minturn, in commenting upon this act, and speaking for this court (at

p. 582), says: "This act was intended to confer the power upon a married woman to protect and enforce her rights, is the specific announcement contained in its title. The body of the act declares that she may maintain an action as a *feme sole* might lawfully do, and without joining her husband therein for all torts committed against her or her property. Keeping in mind the old law and the existing mischief, it becomes manifest that the legislative intent which inspired this remedial measure could have been only a desire to confer upon the married woman that equality of remedy as an independent suitor which would enable her to vindicate her right *in personam* for a tort committed against her, and thus remedy the inequality to which she was subjected by the common law."

Logically considered, the circumstance, that a married woman may now bring her action against a wrong-doer, free from any control of her husband, for all torts committed against her, as if a *feme sole* carries with it all the rights and incidents belonging to such a state, which rights include her personal protection, and therefore such rights cannot be abridged through her husband's independent act, though such act may have been a contributing cause to her injury.

In other words, so far as the enforcement of her rights is concerned, against third persons to redress wrong committed against her, she stands in the same relation to her husband as to a stranger.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.