VIOLET MAY HUMMERS ET AL., RESPONDENTS, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, APPELLANT.

Decided August 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant Public Service Electric and Gas Company, *Henry H. Fryling.*

For the respondents, *George F. Losche.*

PER CURIAM:

This is an appeal by the Public Service Corporation from a judgment entered against it and in favor of the plaintiffs. The suit was brought to recover compensation for personal injuries received by Violet May Hummers, an infant, who while riding on a scooter bicycle was struck and severely injured by an automobile truck owned by the corporation and driven by its employe, the defendant Ankelein, and also for the expenses and losses incurred by her father as the result of the injuries to his child. The case of the plaintiffs was based upon the contention that the accident occurred through the negligent driving of Ankelein, and that the Public Service Corporation, as his master, was responsible for his negligence. The jury returned a verdict in favor of the infant plaintiff for $10,000, and in favor of her father

for $3,000, against the defendant Public Service Electric and Gas Company, and in favor of the defendant Ankelein, .finding no cause of action as against him. The court charged the jury as the law of the case that the Public Service Corporation was made a defendant because it was the owner of the truck, and that the contention of the plaintiffs was that by reason of the relationship of master and servant the Public Service Corporation should respond in damages for the wrongful acts of the driver. The court then proceeded as follows: "If you determine from all the evidence that this man Ankelein was engaged at the time of the accident as a servant of the Public Service Corporation, and that he was engaged in the scope of his duty, then if you find that he was guilty of negligence and such negligence was the proximate cause of the injury, of course his master is responsible for his acts. It is your duty to decide from all the evidence in the case whether or not the defendant Ankelein was engaged in the work of his master, the Public Service Corporation, in such a way as to render the Public Service Corporation liable for his negligent act."

The verdict returned by the jury against the Public Service Corporation is clearly contrary to the law of the case as stated by the court in its charge to the jury; that is, that the company was only responsible in case Ankelein while engaged in its service negligently caused the accident which is the basis of the present suit. A verdict in favor of the driver was, by necessary implication, a declaration by the jury that he was not guilty of any negligence which was the producing cause of the accident. The verdict of the jury imposing liability upon the corporation, although there was no negligence on the part of the driver, being illegal, the judgment entered on that verdict is also illegal. *Musto* v. *Mitchell*, 105 *N. J. L.* 575.

The principal ground of appeal being that the verdict of the jury and the judgment entered thereon were contrary to law, and that contention being well founded for the reason stated, the judgment under review will be reversed.