HARRY ASNIS, PLAINTIFF-RESPONDENT, v. BANKERS IN-DEMNITY INSURANCE COMPANY, DEFENDANT-AP-PELLANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *Frank G. Turner.*

For the respondent, *Joseph Coult.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons given by Circuit Court Judge Porter.

We deem it desirable to add to his conclusions that in our view the refusal to nonsuit on the ground there was no liability under the terms of the policy was justified.

The provision relied upon by the defendant below reads:

"6. This policy shall apply in the same manner and under the same conditions as it applies to the named assured, to (a) any person or persons while riding in or legally operating any of the said automobiles and to any person, firm or corporation [except an automobile garage, repair shop, automobile sales agency or service station or the agents or em-

ployes thereof] legally responsible for the operation thereof, provided such use or operation is within the permission of the named assured  *   *   *."

The ground urged for nonsuit was that, inasmuch as Mayer was in the automobile garage business and the car was being driven by his employe, there can be no recovery.

It appears that the benefits of the policy are extended to two classes by the above-quoted clause. First, persons actually riding in or operating the car legally, which seems to be the present case since Mayer was in the car which was being driven by Brown. Second, persons, firms and corporations legally responsible for the operation of the car, except garages, &c. There is no provision as to this class about riding in or operating the car. The exception as to garages, &c., applies only to the second class of persons or firms covered by the policy. It seems clear that the operation of the car in the instant case falls within the first group, to which the exceptions do not apply.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.