BELLE CERRUTI, PLAINTIFF, v. JOSEPH SIMONE, LYMAN BROCK AND VOX BOX LUNCH COMPANY, A CORPORATION, DEFENDANTS.

Decided May 14, 1935.

For the plaintiff, *Collins & Corbin*.

For the defendant Joseph Simone, *Carey & Lane*.

BROWN, S. C. C. The plaintiff moves to strike the fourth separate defense of the defendants' answer on the ground that it is frivolous. The plaintiff, a married woman, brings suit to recover for injuries sustained in an automobile collision. The first count in the complaint charges the defendant Simone as being the owner of an automobile operated by his agent and servant on December 4th, 1932, in the State of Pennsylvania and that the plaintiff was at the time riding as an invitee in the automobile when it collided with an automobile of the defendant Brock. The plaintiff claims her injuries were caused as a result of the combined negligence of those defendants. The second count of the complaint contains substantially the same allegations except that the collision is alleged to have occurred between the Simone automobile and that of the defendant Vox Box Lunch Company and a claim is made for damages because of the alleged combined negligence in the operation of those two automobiles. The defense to which the motion is addressed alleges that at the time of the collision referred to in the complaint the husband of the plaintiff was operating the Simone automobile as the agent and servant of the latter and for that reason "the plaintiff can have no cause of action against the defendant

[Simone] for injuries or damages alleged to have been received by her as the result of his alleged negligence." On the oral argument of this motion as well as in the written briefs it is conceded that the operator of the Simone automobile at the time of the collision was acting as the servant and agent of Simone. This defendant answers the motion to strike by contending that the suit having been brought in the State of New Jersey on account of a collision occurring in the State of Pennsylvania she has no right to bring her suit unless she is enabled to do so by a statute of Pennsylvania and that she must plead in her complaint the enabling act otherwise her action is governed by the rules of common law. There was no statute of the State of Pennsylvania referred to in the complaint. Under the common law, a husband and wife were deemed to be one person, and, while the marriage relation continued, the legal identity of the wife was suspended or merged in that of the husband. Between the spouses, no right or cause of action existed. As to third persons, the joinder of the husband was required in all actions by or against a married woman unless he was an alien who had always resided abroad or was regarded as civilly dead. If a husband had no cause of action against a tort feasor guilty of an assault upon his wife because of his own complicity, his disability as a party plaintiff barred an action for the wrong. The wife could not sue alone. The joining of a husband in a suit for injuries to a wife, at common law, was a procedural requirement. The merits of the cause rested in her. If the husband died before or pending the suit, the right of action survived in the wife. If the wife died before or pending the suit, the right of action was extinguished. An act for the protection and enforcement of rights of married women (*Comp. Stat.* 1910, *p.* 3236, §§ 12a, 12b) enables a married woman to maintain an action in her own name without joining her husband therein for all torts committed against her. This act did not create a new cause of action. It changed no rule of substantive law regarding the liability of third persons for injuries to married women. *Sims* v. *Sims.* 79 *N. J. L.* 577; 76 *Atl. Rep.* 1063. While in some states (*Howard* v. *Howard,* 120 *Me.* 479; 115 *Atl. Rep.* 259)

statutes similar to the Married Woman's act of New Jersey, have been construed strictly as being in derogation of the common law. The opposite view has been taken in this state. For Mr. Justice Minturn, in an opinion for the Court of Errors and Appeals, in the case of *Sims* v. *Sims, supra,* said:

"That this act was intended to confer the power upon a married woman to protect and enforce her rights, is the specific announcement contained in its title. The body of the act declares that she may maintain an action as a *feme sole* might lawfully do and without joining her husband therein for all torts committed against her or her property. Keeping in mind the old law and the existing mischief, it becomes manifest that the legislative intent which inspired this remedial measure could have been only a desire to confer upon the married woman that equality of remedy as an independent suitor which would enable her to vindicate her right *in personam* for a tort committed against her, and thus remedy the inequality to which she was subjected by the common law."

Since the enactment of the Married Woman's act in this state the rights of a married woman cannot be abridged through the independent act of her husband though such act may have been a contributing cause to her injury. So far as the enforcement of her rights is concerned, against third persons to redress wrong committed against her, she stands in the same relation to her husband as to a stranger. *Peskowitz* v. *Lawrence F. Kramer, Inc.,* 105 *N. J. L.* 415; 144 *Atl. Rep.* 604. The precise question presented on this motion has not been passed upon in the reported cases of this state. The cases of *Rankin* v. *Central Railroad Co.,* 77 *N. J. L.* 175; 71 *Atl. Rep.* 55, and *Friedman* v. *Greenberg,* 110 *N. J. L.* 462; 166 *Atl. Rep.* 119, cited in defendant's brief, are not cases in point. In those cases there was involved statutes creating a right of action for injuries resulting in death through the negligence of another. Those statutes changed the substantive rights of parties as they existed under the common law; hence, in order to bring an action for negligence it is necessary to plead the statute. The Married Woman's act of this state does not change the substantive

rights of the parties as they existed at comon law. It would amount to a perversion of justice to hold that a master could not be held liable for the acts of his servant. To hold that the plaintiff cannot recover in this case because her husband happened to be the servant involved would be to pervert the purpose, meaning and effect of the Married Woman's act of New Jersey.

The motion to strike the fourth defense in the answer of the defendant Simone as frivolous is granted.