BERNICE BERRY AND WILLIAM BERRY, HER HUSBAND, PLAINTIFFS, v. TRAVELERS INSURANCE COMPANY AND TRAVELERS INDEMNITY COMPANY, CORPORATIONS, DEFENDANTS.

Decided February 4, 1936.

For the plaintiffs, *Harry Cohn* (*John A. Laird,* of counsel).

For the defendants, *Lindabury, Depue & Faulks* (*Walter F. Waldau,* of counsel).

PORTER, C. C. J.  Motion before me, as Supreme Court commissioner, is to strike the complaint on the allegation that it is in part sham and in part frivolous.

It appears that on May 15th, 1933, there was a collision between an automobile owned by William Berry and driven by Bernice Berry, both plaintiffs herein, and an automobile truck owned by Abbotts Dairies, Incorporated, and driven by Edward A Moncovage.  As a result, Mrs. Berry was injured and Mr. Berry's automobile was damaged.  Suit was instituted in the Essex County Circuit Court against the Abbotts Dairies, Incorporated, and Moncovage for damages suffered by the Berrys on the charge of negligence by Moncovage who was alleged to be the agent of Abbotts Dairies, Incorporated. At the time of the accident Abbotts Dairies, Incorporated, was insured against liability in the operation of its truck, by the insurance companies, defendants in the instant suit.

The action above described was tried by the late Judge Mountain on September 25th, 1934.  The said insurance

companies defended the action on behalf of their insured. Moncovage was defended by other counsel. At the close of that trial the court directed a verdict in favor of Abbotts Dairies, Incorporated. It is said here, and not disputed, that the ground for such ruling was that the testimony showed that Moncovage was a garage and automobile repair man and not an agent or servant of the Abbotts Dairies, Incorporated. The action continued against Moncovage alone and resulted in a verdict against him for $1,000. Execution was issued against Moncovage and returned unsatisfied. The instant action is to recover the amount of that judgment and costs against the defendant insurance companies under the terms and conditions of the insurance contracts.

It is the contention of the defendants that no valid cause of action has been shown for these reasons:

*First,* that the insurance did not cover Moncovage's actions because he was not operating the truck "commercially" in that he was not on the business of the insured in transporting or delivering goods for it but, on the contrary, was in possession of the truck as a garageman for the purpose of repairing it, and that the insurance contracts expressly excepted from coverage such conditions;

*Second,* that the issues of fact on which recovery is sought have already been judicially decided in the action above described between the parties hereto or their privies, and that the doctrine of *res adjudicata* or estoppel applies and is a bar to recovery.

I am of the opinion that such is the law. The recent case of *Peterson* v. *Preferred Accident Insurance Co.,* 114 *N. J. L.* 180; 176 *Atl. Rep.* 897, supports that view, is directly in point, and is controlling.

The issue of fact which was determined in the previous action was the status of Moncovage at the time of the accident. That is the precise question upon which the case at bar hinges. It having been adjudged by a competent court, it is conclusive as between the parties to that action and persons in privity with them and cannot again be litigated by such parties whether upon the same cause of action or upon another. This is so despite the offer of testimony that the

testimony given in the previous action was false. No affidavit to that effect can now be considered in this case. *Grant Inventions Co.* v. *Grant Oil Burner Corp.,* 104 *N. J. Eq.* 341; 145 *Atl. Rep.* 721. While there is not complete identity of the parties in the two actions, there clearly is under the facts and circumstances such privity as is contemplated in *Peterson* v. *Preferred Accident Insurance Co., supra,* and many other cases in point. See, also, *Carter* v. *Public Service Gas Co.,* 100 *N. J. L.* 374; 126 *Atl. Rep.* 456.

No proper cause of action having been shown, the complaint will be stricken.