ESSEX COUNTY CIRCUIT COURT.

DAISY COLLINS, PLAINTIFF, v. EAGLE INDEMNITY COMPANY, DEFENDANT.

Decided May 8, 1936.

For the plaintiff, *Frank G. Turner*.

For the defendant, *Charles Stockdell Gray* and *McCarter & English* (*Gerald M. F. McLaughlin* and *Herbert R. Baer*, of counsel).

PORTER, C. C. J.  This case was tried by the court without a jury by consent of the parties.  It appears that Daisy Collins, the plaintiff, was struck and injured on November 9th, 1932, by an automobile owned by Louis Stavitsky, which was being operated by Harry Galowitz, an employe of the Galowitz Garage, Incorporated.  Galowitz Garage, Incorporated, conducted a public garage in which the automobile in question was kept.  Suit was instituted in the Essex County Court of Common Pleas by Daisy Collins against Louis Stavitsky, Harry Galowitz and Galowitz Garage, Incorporated, to recover damages for injuries sustained by her, charging negligence by the respective defendants.  The trial of that suit resulted in a verdict for the plaintiff of $2,500 against Harry Galowitz and Galowitz Garage, Incorporated, and in favor of the defendant Stavitsky.

The Eagle Indemnity Company, defendant herein, issued a policy of insurance to Stavitsky indemnifying him against liability in the operation of his automobile, subject to certain

conditions therein expressed. The policy was in effect at the time of the accident and covered the automobile involved therein. Execution on the judgment recovered in the Common Pleas Court has been returned unsatisfied. The suit at bar is to recover the amount of the verdict against the defendant insurance company.

Condition 3, subdivision D of the policy provides that there was no coverage where damage resulted while the automobile was being operated by an employe of a public garage. The question presented here for decision is whether there is any liability of the defendant under its policy. The insurance contract was to indemnify Stavitsky. If he was responsible to the plaintiff for her injuries, there could be no question of the liability of the insurance company under its said policy. That question has been decided by the jury in the Common Pleas suit. There the issue of fact was as to the status of Galowitz while driving the car. The question there presented was whether he was the agent of Stavitsky or of the Galowitz Garage, Incorporated. The finding of the jury was that he was the agent for the garage company and not of Stavitsky. Consequently, the verdict was against Galowitz and the garage company only. Those questions having been judicially determined between the parties hereto or their privies, the doctrine of *res adjudicata* or estoppel applies and is a bar to recovery.

The recent case of *Peterson* v. *Preferred Accident Insurance Co.*, 114 *N. J. L.* 180: 176 *Atl. Rep.* 897, is in point and is controlling. As was said in that opinion, the doctrine of estoppel "in similitude of, if not entirely upon the doctrine of *res adjudicata*" is the correct principle of law. This court followed that decision in striking the complaint where the same question as the case at bar was presented in *Berry* v. *Travelers Insurance Co.*, 14 *N. J. Mis. R.* 222; 183 *Atl. Rep.* 824. The fact that the defendant insurance company was not a party to the Common Pleas suit and did not defend the action for its assured does not, in my opinion, change the application of the principles of the Peterson case, *supra,* from the instant case.

*Asnis* v. *Bankers Indemnity Insurance Co.,* 110 *N. J. L.* 134; 164 *Atl. Rep.* 307, relied upon by the plaintiff, is not in point for the reason that the driver there was not shown to have been the agent of the garage man at the time of the accident; whereas here, the fact has been judicially established that the driver was the agent of the garage company.

For those reasons, the verdict will be for the defendant.