MARY KLINGER, PLAINTIFF, v. WILLIAM STEFFENS, DEFENDANT.

Decided April 13, 1939.

For the plaintiff, *Abraham R. Klitzman* (*Theodore D. Parsons,* on the brief).

For the defendant, *McDermott & Finegold* (*M. Raymond McGowan,* on the brief).

KINKEAD, S. C. C. The complaint alleges that on January 7th, 1938, the plaintiff was a passenger in the defendant's automobile which was being operated in the State of Florida by Benedict Klinger, the plaintiff's husband, who was the agent, servant and employe of the defendant. The complaint further alleges that by reason of Benedict Klinger's negligence in operating said automobile at a high and excessive rate of speed, and on the wrong side of the road, the car was caused to skid and upset, to the damage of the plaintiff.

The defendant moves to strike the complaint on the ground that an employer cannot be held liable for an injury to a wife of his employe caused by the employe's negligence.

It is well settled under the common law that a wife cannot maintain an action against her husband for his tort. *Cerruti* v. *Simone et al.,* 13 *N. J. Mis. R.* 466; 179 *Atl. Rep.* 257. "In its early stages the common law notoriously enveloped the identity of the wife, and all her possessions in the personality of the husband." *Sims* v. *Sims,* 79 *N. J. L.* 577 (at *p.* 579); 76 *Atl. Rep.* 1063.

"Under the common law, a husband and wife were deemed to be one person, and, while the marriage relation continued, the legal identity of the wife was suspended or merged in

that of the husband. Between the spouses, no right or cause of action existed. As to third persons, the joinder of the husband was required in all actions by or against a married woman unless he was an alien who had always resided abroad or was regarded as civilly dead. If a husband had no cause of action against a *tort feasor* guilty of an assault upon his wife because of his own complicity, his disability as a party plaintiff barred an action for the wrong. The wife could not sue alone. The joining of a husband in a suit for injuries to a wife, at common law, was a procedural requirement. The merits of the cause rested in her. If the husband died before or pending the suit, the right of action survived in the wife. If the wife died before or pending the suit, the right of action was extinguished." *Cerruti* v. *Simone et al., supra.*

*R. S.* 37:2-9 provides that "any married woman may maintain an action in her own name, without joining her husband therein, for all torts committed against her, or her separate property, in the same manner as she lawfully might if a *feme sole,* and the non-joinder of the husband shall not be pleaded in any such action. In any such action the husband may join his claim for any damages he may have sustained in connection with or growing out of the injury for which his wife brings her action; but his failure to join shall not prevent him from maintaining a separate action for such damages."

In commenting upon *Pamph. L.* 1906, *p.* 525, as amended *Pamph. L.* 1909, *p.* 210, which statute was the source of *R. S.* 37:2-9, in *Sims* v. *Sims, supra,* Mr. Justice Minturn (at *p.* 582) says: "That this act was intended to confer the power upon a married woman to protect and enforce her rights, is the specific announcement contained in its title. The body of the act declares that she may maintain an action as a *feme sole* might lawfully do, and without joining her husband therein for all torts committed against her or her property. Keeping in mind the old law and the existing mischief, it becomes manifest that the legislative intent which inspired this remedial measure could have been only a desire to confer upon the married woman that equality of remedy as an independent suitor which would enable her to vindicate her right

*in personam* for a tort committed against her, and thus remedy the inequality to which she was subjected by the common law."

A married woman may maintain an action against a third person to recover damages for personal injuries despite the fact that the jury may decide that her husband, with whom she was riding at the time, was guilty of contributory negligence. In the enforcement of her rights against a third person a married woman stands in the same relation to her husband as to a stranger. *Peskowitz* v. *Kramer,* 105 *N. J. L.* 415; 144 *Atl. Rep.* 604.

It is urged on behalf of the defendant, that the plaintiff cannot maintain her action against the defendant, because of the decisions of the courts of our state which hold, that where the employer personally is not negligent, he cannot be held liable in a case where his employe is not liable. *Hummers* v. *Public Service Electric and Gas Co.,* 8 *N. J. Mis. R.* 689; 151 *Atl. Rep.* 383; *affirmed,* 108 *N. J. L.* 196; 156 *Atl. Rep.* 423; *Carter* v. *Public Service Gas Co.,* 100 *N. J. L.* 374; 126 *Atl. Rep.* 456, and *Vaniewsky* v. *Demarest,* 106 *N. J. L.* 34; 148 *Atl. Rep.* 17; affirmed in 107 *N. J. L.* 389; 154 *Atl. Rep.* 623.

An examination of these cases discloses that in *Hummers* v. *Public Service Gas and Electric Co., supra,* the jury, in an action commenced by the plaintiff jointly against the Public Service Corporation and one Ankelein who was an employe of the said company, returned a verdict for $3,000 against the Public Service Corporation, and a verdict in favor of the defendant Ankelein, finding no cause of action as against him. The court held that a verdict in favor of the driver was by necessary implication a determination by the jury that the driver was not guilty of any negligence, which was the proximate cause of the accident. That being so the court further held that the verdict against the Public Service Corporation was illegal.

In *Carter* v. *Public Service Gas Co., supra,* Ryerson as employe of the defendant company was directed by his superior to go to the Carter home and remove a gas meter. While doing so, Ryerson became involved in an altercation with Mrs. Carter and as a consequence Ryerson commenced

suit for damages against Mrs. Carter for her assault and battery, and was awarded a verdict of six cents damages. Subsequently Mrs. Carter started suit against the Public Service Corporation alleging that Ryerson had committed assault and battery upon her. The court held that the judgment recovered by Ryerson was *res adjudicata* of the suit instituted by Mrs. Carter.

In *Vaniewsky* v. *Demarest, supra,* in a suit against a master and servant, the lower court awarded a verdict in favor of the defendant driver, but gave judgment in favor of the plaintiff against the master. The Supreme Court approved the principle that: "A verdict against the master and acquitting the servant is equivalent to a finding that no cause of action exists and will not support a judgment against the master."

The three decisions cited, clearly cannot be construed as settling the issue involved in the case *sub judice.*

The legal question presented by the instant case has been decided in other jurisdictions with a great diversity of opinion. New York, Pennsylvania, Massachusetts, Alabama, Ohio, Vermont and Wisconsin uphold the wife's right to sue her husband's employer, while Michigan, Nebraska, Iowa and Maine hold to the contrary.

The question has never been presented for decision to our Supreme Court or Court of Errors and Appeals, but in our Circuit Court a diversity of opinion likewise exists. Judge Palmer in an unreported case held that the wife cannot maintain an action against the husband's employer while Judge Brown who wrote the decision in *Cerruti* v. *Simone, supra,* which decision is the only reported one in this state passing upon the question, held that a wife may maintain her action against the husband's employer.

A consideration of *R. S.* 37:2-9 and the decisions construing the laws which are the source of that section of our Revised Statutes, holding that a wife may sue for all torts committed against her by a third person as if a *feme sole,* leads to the conclusion that a wife cannot be barred from her action against a third person, merely because the employe of that third person, whose negligence was responsible for the wife's injuries happens to be her husband.

The motion is denied.