CLIFTON DISTRICT COURT.

MARVIN CANIN, PLAINTIFF, v. HENRY KESSE, DEFENDANT.

SAMUEL CANIN, PLAINTIFF, v. HENRY KESSE, DEFENDANT.

Decided September 4, 1942.

For the plaintiffs, *Fred Frieman.*

For the defendant, *Henry H. Fryling.*

COLLESTER, D. C. J.  These matters come before this court upon defendant's motion for a judgment in each case as a matter of law.  The essential facts have been presented to the court by stipulation of the parties from which the following are pertinent to the issue.  On October 4th, 1940, the defendant, a bus operator for the Public Service Co-ordinated Transport, while operating his employer's bus, collided with a motor vehicle owned by the plaintiff Marvin Canin and operated by the plaintiff Samuel Canin.  On November 15th, 1940, the plaintiffs brought individual suits against the Public Service Co-ordinated Transport in the First District Court of the City of Newark which resulted in verdicts in favor of the bus company.  (For brevity, the actions instituted in the First District Court of Newark are hereinafter referred to as the "Newark cases" and the Public Service Co-ordinated Transport as the "Public Service.")

On October 22d, 1941, the plaintiffs brought their present individual suits in this court against the defendant, Henry Kesse, the bus operator.

The stipulation entered into between the parties provides that the states of demand in the Newark cases and the states of demand in the cases in this court are to be considered as evidence and that the facts alleged therein are to be considered true for the purposes of this motion.

The motion now before this court is that judgment should be entered in favor of the defendant on the ground that the issues raised are *res adjudicata.*

An examination of the pleadings filed in the causes of action tried and disposed of in the First District Court of the City of Newark and the pleadings filed in the actions *sub judice,* show that in every instance the plaintiffs base their respective claims upon the alleged negligence of the defendant, Henry Kesse, who was the agent and servant of the bus company.

The doctrine of *res adjudicata,* as defined by our Court of Errors and Appeals, is that the judgment of a court of competent jurisdiction on a question of law and fact, when litigated and determined, is, so long as it remains unreversed, conclusive upon the parties *and their privies,* not only in the suit in which it is pronounced, but as to all future litigation between the same parties or their privies, touching upon the same subject-matter. *In re Walsh's Estate,* 80 *N. J. Eq.* 565; 74 *Atl. Rep.* 563. (Italics mine.)

Apparently there has been no determination by our appellate courts on the question of *res adjudicata* in a case similar in facts to those *sub judice.* In *Carter* v. *Public Service Gas Co.,* 100 *N. J. L.* 374; 126 *Atl. Rep.* 456, our Court of Errors and Appeals upheld the defense of *res adjudicata* where an employer was sued for the tort of its agent and it appeared that a prior suit between the plaintiff and the employer's agent had resulted in a verdict for the latter.

In *Hummers* v. *Public Service Electric and Gas Co.,* 8 *N. J. Mis. R.* 689; 151 *Atl. Rep.* 383, it appeared that a suit brought jointly against a master and servant had resulted in a verdict in favor of the servant and against the master,

the Supreme Court reversed the trial court's decision. The Supreme Court held that the jury's verdict in imposing liability upon the master although there was no negligence found on the part of the servant, was invalid where it appeared that the negligence alleged against the servant was the same negligence alleged against the master.

In the case at bar it must be determined whether a plaintiff, who first brings an action against the master for the negligent act of the servant and fails on the merits, may bring a second action against the servant for the same negligent act.

The doctrine of estoppel by judgment, or *res adjudicata*, as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person *or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue* which has been necessarily tried and finally determined, upon its merits by a court of competent jurisdiction, in a judgment *in personam* in the former suit. *United States* v. *California Bridge Co., 245 U. S. 337.* (Italics mine.)

In the Newark cases in order to recover, the plaintiffs had to establish negligence on the part of Kesse, the servant of the Public Service. If such negligence had been established, the Public Service would have been liable under the doctrine of *respondeat superior.* The trial judge in the Newark cases found that the Public Service was not liable; therefore of necessity found that Kesse was not guilty of negligence.

The same legal right and the same question which is now before us, namely, negligence on the part of Kesse, were necessarily tried and determined on the merits in the Newark cases. Since the court found no negligence on the part of Kesse in causing the alleged accident, it would follow that the doctrine of estoppel by judgment applied to the instant case. See *Fightmaster* v. *Tauber,* 183 *N. E. Rep.* 115.

The plaintiffs contend that *res adjudicata* cannot be applied because Kesse was not a party to the Newark cases. While conceding that the relationship of master and servant existed, they contend that there is no privity to foreclose the present action.

In the case of *Wolf* v. *Kenyon*, 273 *N. Y. Supp.* 170, a case identical in facts to the one at bar, the court said:

"The prior judgment is a bar to subsequent litigation of the same matters between the same parties or their privies. What is a privity? As used when dealing with the estoppel of a judgment, privity denotes mutual or successive relationship to the same right of property (*Bigelow* v. *Old Dominion Copper Mining and Smelting Co.*, 225 *U. S.* 111). Strictly speaking, master and servant are not in privity, but, where the relationship is undisputed and the action is purely derivative and dependent entirely upon the doctrine of *respondeat superior,* it constitutes an exception to the general rule. Nor does the lack of mutuality affect the exception.

"It is a principle of general elementary law that the estoppel of a judgment must be mutual. \* \* \*

"An apparent exception to this rule of mutuality has been held to exist where the liability of the defendant is altogether dependent upon the culpability of one exonerated in a prior suit, upon the same facts, when sued by the same plaintiff. \* \* \* The unilateral character of the estoppel of an adjudication in such cases is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct suit.

"We hold that the judgment in the previous action is a bar here. The plaintiff has but one cause of action, if any. This lies against the servant for his own acts and against the master because he must respond for the negligent acts of his servant. The plaintiff may proceed against either one or both. He may recover from only one. By whichever path he elects to travel, the issues which he must meet are the same. They are the negligence of the servant and the plaintiff's own freedom from contributory negligence. If the servant was not negligent, then the plaintiff cannot recover from the master. If the servant was negligent, then the liability of the master has origin in such negligence of the servant. As was stated by the Court of Appeals in *Pangburn* v. *Buick Motor Co.*, 211 *N. Y.* 228, 'the appellant's (master's) liability was purely of a derivative or secondary character on the theory of *respondeat superior.* \* \* \*' "

To render a prior judgment *res adjudicata,* the record must show that the issue was taken on the same allegations which are the foundation of the second action. The test is whether the proof which would fully support the one case would have the same effect in tending to maintain the other. *Smith* v. *Fischer Baking Co.,* 105 *N. J. L.* 567; 147 *Atl. Rep.* 455. In the matters now before us, the issue in the Newark cases and the present cases are the same, namely, the alleged negligence of the defendant, Kesse, in the operation of the motor vehicle. The same proof would be required to establish both prior and present actions.

The plaintiffs further argue that the rules of evidence would be different in an action against the servant in that the servant might be called for cross-examination and his admissions would be admissible as against him, while against the master such evidence would not be admissible. These are rules of procedure only and are not of substantive nature. Such evidence may or may not be beneficial to the plaintiff. However that may be, it does not affect the proposition that the question of the servant's negligence has been determined in the Newark cases.

In the opinion of this court the defense of *res adjudicata* raised by the defendant herein is a valid and existing defense to these actions. For the reasons hereinbefore set forth, it is therefore the decision of this court that the motion for judgment of "no cause for action" in favor of the defendant should be entered in each case. An order accordingly may be presented.