39 N.J. Super. 263 (1956)
120 A.2d 774
CHRISTYNA RADELICKI, BY HER GUARDIAN AD LITEM, MARIA RADELICKI, AND MARIA RADELICKI, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
ISADORE TRAVIS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1956.
Decided March 1, 1956.
*264 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Alexander Levchuk argued the cause for the appellants.
Mr. William J. O'Hagan argued the cause for the defendant (Messrs. Stout and O'Hagan, attorneys).
The opinion of the court was delivered by FRANCIS, J.A.D.
Can an unemancipated infant recover damages against her father's employer when she suffers injuries through the negligence of the father while he is pursuing the activities of the employment? The trial court concluded that the right does not exist and so dismissed the action after counsel had opened to the jury. The *265 legal propriety of that determination is the subject of this appeal.
The precise question has not been decided previously in this State. It is a subject about which in earlier days there was a substantial contrariety of opinion around the country. However, the trend is definitely in the direction of recognition of the cause of action and it may be said with assurance that at the present time the weight of authority is opposed to the view that the employer of a parent shares the immunity of the parent from liability to a child for personal injuries caused by negligent conduct. Annotations, 68 A.L.R. 1500 (1930); 116 A.L.R. 646, 650 (1938); 131 A.L.R. 312, 314 (1941); 162 A.L.R. 576 (1946); 19 A.L.R.2d 423, 443 (1951); 39 Am. Jur., Parent and Child, § 91 (1942); Restatement, Agency, § 217, comment b (1933); Restatement in the Courts, Agency (perm ed. 1945, supp. 1950), § 217; Prosser, Torts (2d ed. 1955), § 101, at 678; Note, 46 Colum. L. Rev. 148 (1946).
Prosser puts the majority doctrine this way:
"* * * But as to liability which is purely vicarious, such as that of an employer of a husband or father, for injury to the wife or child, the courts were for a long time divided. The older, but now less favored view denied recovery in such a case, arguing first that since the master's liability is founded on the servant's tort, he should not be liable where the servant is not, and second, that the master's right of indemnity against the servant would defeat the domestic immunity by throwing the ultimate loss upon the servant. The first argument confuses immunity from suit with lack of responsibility  the servant has committed a tort which by ordinary rules of law should make the master liable, and there is no reason to include the latter within the purely personal immunity of the family. The second misses the point that the master's recovery over against the servant is not based upon any continuation of the original domestic claim, but upon the servant's independent duty of care for the protection of the master's interests; and that if protection of the servant is still the sine qua non, it may be accomplished merely by denying the indemnity. Accordingly the overwhelming majority of the courts now hold that the employer is liable even though the servant is not. * * *." (Footnotes omitted.)
The path of decision in New Jersey was pointed by the Court of Errors and Appeals in Hudson v. Gas Consumers' *266 Ass'n, 123 N.J.L. 252 (1939), not only by the principle espoused but by specific dictum as well. In that case the husband's freedom from responsibility for injuries sustained by his wife through his negligence was recognized. However, the immunity was not extended to the employer who was declared liable under ordinary rules of respondeat superior.
In the course of the opinion, the court said:
"The reason behind the rule that husband or wife may not hold the other civilly liable is that such actions would tend to destroy peace in the family relationship.
Parenthetically, we observe that likewise an unemancipated child may not have such an action against its parent, Cf. Reingold v. Reingold, 115 N.J.L. 532 [1935]; Cafaro v. Cafaro, 118 N.J.L. 123 [1937]; and this upon the sound public policy of preserving domestic quiet in the family. But to extend that freedom from liability to a third person charged as principal is quite another matter. The plaintiff's right to sue an employer [under circumstances like these,] is an independent, primary right and not subordinate to or dependent upon the right to sue the servant." 123 N.J.L., at page 254.
See also Clement v. Atlantic Casualty Ins. Co., 13 N.J. 439, 445 (1953); Klinger v. Steffens, 17 N.J. Misc. 118, 6 A.2d 217 (Sup. Ct. 1939); Cerruti v. Simone, 13 N.J. Misc. 466, 179 A. 257 (Sup. Ct. 1935).
We recognize, of course, that the reference to the child's action against the parent's employer is dictum. However, manifestly the underlying philosophy which defendant advances as the basis for non-liability of the third party in such cases, is the same whether the negligent actor occupies the status of husband or father. Under the circumstances, no sound reason exists for permitting the employer to share the immunity which ought to be confined within the family orbit. Cf. Kennedy v. Camp, 14 N.J. 390 (1954).
Defendant argues also that the three-year-old plaintiff was not an invitee on his premises at the time of the mishap. The trial court felt that the opening presented a factual issue on the point. Although the problem was not as fully developed as it will be at the trial, in our judgment sufficient was said to warrant this conclusion. Summary disposition of a case on *267 such grounds on the opening of counsel ought not to be made unless the facts are undisputed and the law involved free from doubt. Liberatori v. Yellow Cab Co., 35 N.J. Super. 470, 474 (App. Div. 1955).
The judgment is reversed and the cause remanded for trial.