Owen CARROLL, Appellant,

v.

Joseph J. HUBAY, Jr., and Armour & Company, Appellees.

No. 52, Docket 25679.

United States Court of Appeals Second Circuit.

Argued Nov. 12, 1959.

Decided Dec. 10, 1959.

---

Harry Zeitlan, New York City, Bennett E. Aron, New York City, of counsel, for appellant.

David S. Konheim, Hartsell, Harrington & Jacobs, New York City, for Armour & Co.

John E. Morris, New York City, Joseph A. Doran, New York City, for Joseph J. Hubay, Jr.

Before LUMBARD, Chief Judge, and HAND and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

■ This is an appeal by the plaintiff from a judgment dismissing his complaint against the defendant, Armour & Company, at the close of the evidence, because in an action to recover for personal injuries the plaintiff had not proved that the other defendant, Hubay, was acting as an agent of Armour & Company at the time when plaintiff was injured. The injuries were caused in New Jersey by an automobile owned by Hubay which he was driving at the time. The complaint alleged that Hubay was "an agent, servant, and/or employee of Armour & Co." and "operated his said motor vehicle in, upon, and in furtherance of the business of the defendant, Armour & Co., and with the knowledge and permission of the said defendant, Armour & Co." At the close of the evidence Judge Palmieri dismissed the complaint against Armour & Company because the plaintiff had not proved that at the time of the accident Hubay was acting as its agent. He left to the jury the question whether Hubay was himself personally liable and the jury found in Hubay's favor. The plaintiff did not ask for a directed verdict against Hubay and took no exception to the charge, but expressly accepted it as correct. In such a situation no appeal lies from a judgment upon the verdict. Fairmount Glass Works, Inc. v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439; Flint v. Youngstown Sheet & Tube Co., 2 Cir., 143 F.2d 923, 924; Itzkall v. Carlson, 2 Cir., 151 F.2d 647; Jorgensen v. York Ice Machinery Corp., 2 Cir., 160 F.2d 432, 434. Moreover, although the appeal is in form from the judgment generally, the plaintiff does not challenge the validity of the verdict discharging Hubay.

■■ What he does challenge is the validity of Judge Palmieri's dismissal of the complaint against Armour & Com-

pany on the ground that Hubay was not shown to have been acting as its agent at the time of the accident. This raises the question whether the judgment in favor of Hubay was a bar to the plaintiff's claim against Armour & Company which must rest upon imputing to it the fault of Hubay as its agent. That is a question of New Jersey law, where the accident occurred, and in that state in an action against a principal, the plaintiff is estopped by a judgment in favor of the principal's agent. Carter v. Public Service Gas Co., 100 N.J.L. 374, 126 A. 456; Hummers v. Public Service Electric & Gas Co., 151 A. 383, 8 N.J.Misc. 689. In Bigelow v. Old Dominion Copper & Smelting Co., 225 U.S. 111, 128, 32 S. Ct. 641, 56 L.Ed. 1009, the Supreme Court quoted with approval the following language from New Orleans & North E. R. Co. v. Jopes, 142 U.S. 18, 24, 27, 12 S.Ct. 109, 111, 35 L.Ed. 919:

"It would seem on general principles that, if the party who actually causes the injury is free from all civil and criminal liability therefor, his employer must also be entitled to like immunity. * * * If the immediate actor is free from responsibility because his act was lawful, can his employer, one taking no direct part in the transaction, be held responsible? * * * The question carries its own answer; and it may be generally affirmed that, if an act of an employe be lawful, and one which he is justified in doing, and which casts no personal responsibility upon him, no responsibility attaches to the employer therefor."

Indeed, it would be utterly inconsistent to acquit the agent of liability and to hold the principal on the same facts, when the only ground for holding him liable is that the agent's fault should be imputed to him. "Where an action is brought against a master and a servant based wholly upon the negligence of the servant, a judgment against the master should be set aside, if judgment is given for the servant." Restatement of Judgments § 106(g).

It follows that, even if the judge was wrong in holding that the plaintiff had not shown that Hubay was acting as an agent of Armour & Company at the time, the error was harmless when the verdict was in Hubay's favor. The plaintiff appears to suppose that it was a wrong to him to dismiss the case against Armour & Company, if Hubay was in fact acting as his agent at the time, because if the jury had been allowed to find a verdict against Armour & Company they might have found a verdict against Hubay also. That is of course possible, but if the jury had so decided, it would have been for reasons that should not have influenced them.

Judgment affirmed.