## GAFFNEY v. BROOKLYN CITY R. CO.

### (City Court of Brooklyn, General Term. November 27, 1893.)

STREET RAILROAD—INJURY TO PASSENGER—NEGLIGENCE—EVIDENCE.

In an action against a street-railroad company by a passenger for personal injuries caused by defendant's negligence, it appeared that defendant used chains on the sides of the cars to prevent passengers from boarding them. The evidence for plaintiff showed that, at a certain transfer station, plaintiff and several others went between the two tracks to enter a car; that such car had no chain on the side next the adjacent track to prevent passengers from entering on that side; and that a car on such other track came along at a rapid rate, and struck plaintiff. Defendant's only witness, the motorman on the latter car, testified that plaintiff darted from behind the former, and, in attempting to board it, fell under his car. *Held*, that a verdict for plaintiff should not be disturbed.

Appeal from trial term.

Action by Anne Gaffney against the Brooklyn City Railroad Company to recover damages for personal injuries received while attempting to board one of defendant's cars, and caused by its negligence. From a judgment entered on the verdict of a jury in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Morris & Whitehouse, for appellant.

Jas. & Thos. H. Troy, for respondent.

CLEMENT, C. J. The questions involved on this appeal seem to be mainly of fact. The plaintiff and two witnesses called in her behalf testify that they were passengers on a train of the Ft. Hamilton line, which stopped in Third avenue, in this city, at Twenty-Fifth street; that the passengers were given transfer tickets, and many of them walked a short distance, to take a Hamilton avenue car standing on the same track; that many of the passengers got on the car, which was an open one, on the side nearest the sidewalk, but that 10 or 15 went on the other side; that plaintiff was about to get upon the car step, when a car came down on the other track at a rapid rate of speed, and struck her. The only witness for the company who saw the injury was the motorman. He testified that the plaintiff made a dart from behind the car, and jumped for the second stanchion, about four feet from the rear of the Hamilton avenue car, and fell under his car. It appeared that the com-

pany used chains on the sides to prevent passengers from boarding cars, and that the chains, at the time, were down on both sides of the car. The place in question was a transfer station, and, as the company used chains when they did not permit passengers to enter a car, the fact that the same were down on the side next the other track was an invitation to passengers to enter the car on that side. We are also of opinion that the motorman, when he saw that passengers were entering a car at the station, was bound to exercise more care than when passing another car in motion, and particularly when he knew that the company invited passengers to enter on the side of the car near the other track. The weight of evidence was on the side of plaintiff, and we can see no legal reason why the verdict of the jury should be disturbed. Judgment and order denying new trial affirmed, with costs.