(11 Misc. Rep. 338.)

MINER v. STOLTS et al.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

APPEAL—OBJECTIONS NOT RAISED BELOW—EXCLUSION OF EVIDENCE.

Where evidence is excluded on an objection which states no grounds, and none are called for by the adverse party, it will be assumed, if any ground existed for the exclusion, that the decision was placed on the right ground.

Appeal from city court, general term.

Action by Henry C. Miner against Jonas Stolts and others. From a judgment of the city court (30 N. Y. Supp. 1133) affirming a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

John C. Tomlinson, for appellants.

Howe & Hummel, for respondent.

PER CURIAM. This is an action to recover the contract price of an electric light plant claimed by the plaintiff to have been sold by him to the defendants. The answer was a general denial. The evidence given on the part of the defense was that the plant was purchased, not from the plaintiff, but from one May, to whom, at the beginning of the negotiations, the plaintiff referred the defendant in these words: "I will have nothing to do with it. You deal with Mr. May. Whatever Mr. May will do with you, it is all right."

The judge charged as follows:

"If you find the evidence that that statement [referring to the one just quoted] was made by Mr. Miner, and the transaction had by the defendants with Mr. May, it would be binding upon Mr. Miner, and a verdict should be rendered for the defendants. If, however, you find from the evidence that no such statement was made by Mr. Miner, and that the defendants are mistaken about that, and that there was some error in regard to it, the plaintiff would be entitled to a verdict for $1,250, together with $72.91, interest."

The appellants ask for a reversal upon the sole ground of alleged error in the exclusion of evidence, under the following circumstances: The plaintiff was asked, upon cross-examination, whether he had "any arrangement with Mr. May, previous to the interview with Mr. Stolts for the putting in the electric plant in a joint venture," and denied that he had. The following question was subsequently asked of May, in his direct examination by the defense, "Did you and Mr. Miner have any arrangement about going into a venture and furnishing electric light plants?" which was objected to and excluded. The appellants urge that the evidence so sought to be elicited bore directly upon the question of credibility as between the story of Mr. Miner and the story of Mr. Stolts, and rely upon the principle that, in case of a conflict of testimony, either party may be allowed to show any incidents connected with the matter in question which tend to render probable the truth of his evidence, or to render improbable that of his adversary. Abb. Tr. Briefs, 109, and cases cited. Conceding, without so holding, that, had the question been so framed as to include only the time of the transaction in litigation or time previous to it, its exclusion would have constituted error, the judgment must, nevertheless, be affirmed. The question might be taken to refer to some relation between the plaintiff and May subsequent to the sale in suit, and in this aspect was certainly objectionable. But where evidence is excluded upon an objection which stated no grounds, and none are called for by the adverse party, he is not misled, but may be supposed to understand them; and, if any ground in fact existed for the exclusion, it will be assumed that it was placed upon the right ground. Height v. People, 50 N. Y. 392; Tooley v. Bacon, 70 N. Y. 34. We think, for these reasons, that the judgment should be affirmed, with costs.