(15 Misc. Rep. 623.)

## STIFTER v. BOGGS.

(City Court of New York, General Term.  February 7, 1896.)

NEGOTIABLE INSTRUMENTS—FRAUD AS A DEFENSE.
>   Where the maker of notes in an action against him by an indorsee from the payee alleges as a defense that the notes were obtained by fraud, it is reversible error to require defendant to show that plaintiff had knowledge of the fraud, or that the notes came into his possession after maturity, before proving the fraud.

Appeal from trial term.

Action by Sanford B. Stifter against William Boggs on two promissory notes.    From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

Thos. McAdam, for appellant.
Ed. F. Stern, for respondent.

VAN WYCK, C. J.    The action is upon two promissory notes made by defendant to order of one Tuck, who indorsed same to plaintiff.    Defendant's alleged defense was that these notes were obtained from him by fraud.    The record shows that plaintiff's attorney tried the cause upon the theory that, after he had marked the notes in evidence, the defendant could not make any proof of the alleged fraudulent obtaining of the notes by the payee until he first proved that plaintiff had knowledge of the fraud, or show that the notes came into plaintiff's possession after maturity.    However, he now concedes that defendant could first show the fraud, and that then the burden would be shifted to the plaintiff to show that he obtained the notes before maturity for value; and he now concedes that if the defendant made proper effort to prove his affirmative defense of fraud, was prevented from doing so, and excepted, then that defendant is entitled to a reversal and new trial.

The court ruled, at folio 37, in addressing defendant's counsel,

"You must first show that the plaintiff had knowledge of the defense, or show that they [the notes] came into possession of plaintiff after maturity," and to which defendant excepted. And again, at folio 44, when defendant was endeavoring to prove the circumstances under which the notes were obtained from him, the plaintiff's counsel said to the court, "He cannot show any knowledge on the part of Mr. Stifter [plaintiff];" and defendant's counsel frankly said, "I cannot show any absolute knowledge on the part of the plaintiff." The court: "Then I sustain the objection." "Exception taken."

If a promissory note is obtained from the maker by fraud, or diverted from the purpose for which it was given, and is sued upon by a holder from the payee, and the maker (defendant) makes proof of the fraud or diversion, the plaintiff then must make proof of the bona fides of his holding, and the burden to do so is upon him.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.