(18 Misc. Rep. 364.)

WILSON v. STEERS et al.

(City Court of New York, General Term.    October 30, 1896.)

1. APPEAL—EXCLUSION OF EVIDENCE.
    The exclusion of evidence on an objection which states no grounds, and none having been called for by the adverse party, will be sustained if any ground existed for its exclusion.

2. TRIAL—EVIDENCE—OBJECTIONS.
    Where the time of the maturity of the note in suit has been proven both by putting the note in evidence and by admissions in defendant's pleading, it is proper to exclude, as a waste of time, further evidence offered by defendant to show the time of maturity.

Appeal from special term.

Action by Peter M. Wilson against Henry D. Steers and others on a promissory note. From a judgment entered on a verdict directed in favor of plaintiff, and from an order denying a motion for a new trial, defendant Steers appeals. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and SCHUCHMAN, JJ.

C. H. & J. A. Young & Terry, for appellant.

Ira D. Warren, for respondent.

VAN WYCK, C. J. The action is upon a promissory note, against the payee and the maker, in which the maker alone defends, and he, by pleading, admitted the execution and delivery by him of the note; but he alleges that the same was given to the payee, who held a first mortgage on the same real property upon which he held a second mortgage, under an agreement that, if he (the maker) should purchase the property at foreclosure sale, then the note was to be retained as payment of the interest on the first mortgage, but that if he did not purchase the property the note was to be returned to him by the payee, and that he did not purchase the property. The plaintiff discounted the note for the payee, and the verdict was directed for him at trial because of the failure of the defendant to introduce any evidence whatever. However, the defendant (appellant) contends that he made proper effort at trial, and was prevented by an adverse ruling from proving that the payee had diverted the note from the alleged purpose for which it was given, and that by reason thereof he is entitled to a reversal here, because of the rule that if a promissory note is obtained by fraud, or diverted from the purpose for which it was given, and is sued upon by a subsequent holder, and the defendant maker submits proof of the fraud or diversion, the plaintiff must then make proof of the bona fides of his holding, and the burden to do so is upon him. The rule is correct. Stifter v. Boggs (City Ct. N. Y.) 37 N. Y. Supp. 219. But did the maker herein properly endeavor to make such proof? The record shows that his only effort to make such proof was made just after the plaintiff had rested, and was as follows:

"Defendant's counsel offers in evidence a letter to Mrs. Thompson to show the purpose for which the note was given. We offer in evidence the letter to Mrs. Jane L. Thompson, which was written, and which states the conditions upon which the note was sent to her. (Objected to. Sustained. Exception. Defendant rests.)"

The record does not show that the letter was shown to or seen by the court or by plaintiff's counsel, or produced at all, or marked for identification, or by whom it was written, or that it was ever delivered, or what it contained, except counsel's mere assertion that it stated the conditions upon which the note was sent to the payee, or what were the conditions mentioned in the letter; and the letter does not appear in the record, nor was it exhibited on the argument of this appeal. Appellant's counsel concedes that there are several grounds upon which the court could have properly sustained the objection to his offer, but contends that it was error to sustain

this objection, because it was general; that is, it did not assign any grounds of objection. This contention should have been made at trial, by requesting the court to direct plaintiff's counsel to specify the grounds of his objection, and such request would have undoubtedly been granted. But no such request was made, and the rule in such case is as stated by our appellate authority: Where evidence is excluded upon an objection which stated no grounds, and none are called for by the adverse party, he is not misled, but may be supposed to understand them; and, if any ground in fact existed for the exclusion, it will be assumed that it was placed on the right ground. Miner v. Stolts (Com. Pl.) 32 N. Y. Supp. 2. It is not error to sustain a general objection if any sufficient ground for it exists, provided that no request be made that the ground be specified. Abb. Tr. Brief, p. 57. Where the objection is general, stating no grounds, and the decision is with the objector, the objection is sufficiently stated; and error does not lie for rejecting the evidence, as the opposite counsel has a right to have the objections stated, but if he does not call for them he is not misled, and may be supposed to understand them. Height v. People, 50 N. Y. 395. When evidence is excluded upon a mere general objection, the ruling will be upheld if any ground in fact existed for the exclusion. It will be assumed, in the absence of any request by the opposing party or the court to make the objection definite, that it was understood, and that the ruling was placed upon the right ground. Tooley v. Bacon, 70 N. Y. 37. However, there is a different rule where the objection is overruled and the evidence is received, and in such case the rule is: Where there is a general objection to evidence, and it is overruled and the evidence is received, the decision of the trial judge will be sustained on appeal unless there be some ground which could not have been obviated if it had been specified, or unless the evidence called for was, in any aspect of the case, incompetent. Quinby v. Strauss, 90 N. Y. 664.

The appellant's counsel asked the following question of plaintiff while cross-examining him: "Q. At what period was that note payable from the date? (Objected to as a waste of time. Sustained. Exception.)" The appellant's counsel now assails the correctness of that ruling, and invokes in aid of his contention the rule that where an objection to testimony on a specific ground is made at trial, and is sustained, and the evidence excluded, no other ground of objection which could have been obviated will be listened to on appeal in support of the ruling. Newton v. Harris, 6 N. Y. 345. Where specific objection is made to evidence offered, every ground of objection not specified which is capable of being obviated by evidence is waived. Marston v. Gould, 69 N. Y. 220. When this question was put, the note dated February 10, 1894, had already been marked in evidence, and by its terms was payable in three months after date, and the defendant had, in his pleadings, specifically admitted the making of the note described in the complaint as made on that day and payable at that time; and, moreover, the note itself had just been handed to the witness when the question was asked. It certainly would have been a waste of time to have permitted any

further proof of the date and time of payment of the note, which had already been absolutely established, was uncontradicted, and was indisputable under the pleadings.

The judgment and order must be affirmed, with costs. All concur.