FLORENCE G. JOYCE *vs.* RUDOLPH F. CARY.

APRIL 6, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Husband and Wife.   Necessaries.*

Where a husband without justifiable cause failed to provide his wife with adequate means of support, and was living apart from her, and plaintiff who had nursed the wife at the husband's request also furnished the wife necessary household supplies and money which was expended for supplies for the reasonable support of the wife, a verdict for plaintiff for the value of the services, supplies and advances will not be disturbed.

*(2)   Writs.   Ad damnum.   Increasing Ad damnum.*

Where in a case commenced in a district court, plaintiff obtained permission in the Superior Court to increase the *ad damnum*, but the amendment was never made, although the case was tried on the theory that it had been made, on exceptions the case will be treated as though the amendment had been made and permission will be granted to make the amendment.

*(3)   District Court.   Verdict in Excess of Jurisdiction.*

Where in an action commenced in a district court the verdict in the Superior Court was in excess of the jurisdiction of the lower court, on exceptions, plaintiff may waive such excess.

ASSUMPSIT.   Heard on exceptions of defendant and overruled.

RATHBUN, J.   This is an action of assumpsit brought to recover for necessaries furnished the defendant's wife. The trial in the Superior Court resulted in a verdict for the plaintiff for $598. The case is before this court on the defendant's exception to the refusal of the trial court to grant the defendant's motion for a new trial. Said motion alleged that the verdict was against the law and the evidence and the weight thereof.

The defendant was living apart from his wife. The evidence warrants a finding that without justifiable cause the defendant failed to provide his wife with adequate (1) means of support; that at his request the plaintiff nursed and cared for the defendant's wife for fifty-two weeks for which plaintiff charged five dollars per week, amounting to $260; that the services rendered were necessary and the charge reasonable; and that plaintiff furnished defendant's wife necessary household supplies and money, which plain-

tiff saw expended for necessary household supplies for the defendant's wife, to an amount more than equal to the difference between the verdict and $260, the amount charged for. care and nursing; that all of said supplies were necessary for the reasonable support of defendant's wife and that defendant without justifiable cause failed to provide either money to purchase any of said supplies or necessary household supplies which might have been used in the place of supplies furnished by the plaintiff. The verdict has been approved by the justice presiding at the trial.

(2) The case was commenced in a district court. The *ad damnum* as laid in the writ was $100. On the entry day of the writ jury trial was claimed. In the Superior Court the plaintiff obtained permission to amend the *ad damnum* from $100 to $500, but the amendment was never made. The plaintiff now moves that she be permitted to amend the *ad damnum* clause in accordance with the permission granted by the Superior Court. As the case was tried on the theory that the amendment had been made we will treat the case the same as though the amendment actually had been made before trial. The motion to amend is granted. See *Eaton* v. *Case,* 17 R. I. 429; *Cleasby* v. *Reynolds,* 26 R. I. 236.

(3) The verdict was $98 in excess of the jurisdiction of the court in a case commenced in a district court. See *Walker Ice Co.* v. *Blanchard,* 18 R. I. 243. The plaintiff waives the amount of the verdict which is in excess of the court's jurisdiction.

The defendant's exception is overruled and the case is remitted to the Superior Court with direction, after the record has been amended in accordance with permission granted, to enter judgment on the verdict as thus reduced by $98, the amount in excess of a district court's jurisdiction.

*Waterman & Greenlaw,* for plaintiff.    *Charles E. Tilley,* of counsel.

*Charles H. McKenna,* for defendant.