HARRY B. GOLDENSTEIN, complainant,

*v.*

MARLBORO CONSTRUCTION COMPANY, INCORPORATED, et al.,
defendants.

[Decided March 2d, 1929.]

*Mr. Rudolph Hartman,* for the complainant.

*Messrs. Burlew & Currie,* for the defendant Crouse.

BACKES, V. C.

Crouse, a subsequent judgment creditor, attacks the priority of the mortgage under foreslosure on the ground that the execution of the mortgage, given by a corporation, was not properly proved, was therefore improperly recorded, and, hence, was not constructive notice. The mortgage was recorded May 23d, 1927; the judgment was recovered March 19th, 1928. Crouse purchased the premises under execution of his judgment. The certificate of proof of the execution of the mortgage is irregular, but that it is insufficient need not be passed upon for it conclusively appears that the judgment creditor had actual notice. In the suit in which his judgment was recovered, on a mechanics' lien claim, he made the complainant a party and in the complaint recited the mortgage. Our recording acts invalidate unrecorded, and, of course, improperly recorded mortgages only as to subsequent judgment creditors without actual notice of the mortgage. *Comp. Stat., pp. 1553, 3414; Brinton* v. *Scull, 55 N. J. Eq. 747; Majewski* v. *Greenberg, 5 N. J. Adv. R. 566.* The priority of the mortgage is established. There will be a reference.