FLORENCE B. HUDSON, PLAINTIFF-APPELLANT, v. THE GAS CONSUMERS' ASSOCIATION, DEFENDANT-RESPONDENT.

Submitted May 26, 1939—Decided September 22, 1939.

For the plaintiff-appellant, *McDermott & Finegold* (*Harold McDermott,* of counsel; *M. Raymond McGowan,* on the brief).

For the defendant-respondent, *Edward R. McGlynn* (*Joseph Weintraub,* on the brief).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The main question in this case is whether a wife may have an action for personal injuries against the employer of her husband where it appears that her hurt was caused by the husband's negligence done in the course of the performance of his duty to his employer. The trial court, on motion addressed to the complaint, struck it out, directed entry of judgment for the defendant, and this is the plaintiff's appeal from the judgment accordingly entered.

Mrs. Hudson, plaintiff, alleged that she was a passenger in an automobile then operated by her husband and that because of his negligence in handling the car she suffered serious injuries. She claims to have been "a passenger, guest or invitee" of the defendant employer. Defendant moved to strike out the complaint on the ground that the allegation that Mrs. Hudson was an invitee was sham and on the further ground that because she was in fact the wife of the servant, who was in charge of the car, she had no action against the husband or his employer.

The learned trial judge concluded that because of the unity of person of husband and wife due to the marriage bond, whereby either is immune from civil liability at the action of the other, such immunity also extended to the master in the performance of whose business the tort was committed. We are not in accord with this conclusion.

It is of course a settled matter that a wife may not have a suit for damages against her husband for his tort. This is the common law rule and no statute has been enacted in this state that disturbs it.

Before determining the issues raised in this case, it is not amiss to trace the statutory changes in this state which alter the common law rule, so far as pertinent to this case. At common law, and in this state up to the year 1906, the rights of married women, under circumstances like these, were greatly restricted. At common law the husband must have joined with his wife in such action for the tort to the wife done before or after marriage. 1 *Chit. Pl.* *83 (16*th Am. Ed.*). And the husband had the right to receive the money for damages; he could release the cause of action; and his contributory negligence would defeat such suit. See *Pennsylvania Railroad* v. *Goodenough, 55 N. J. L. 577, 588.* But in 1906 (chapter 248, page 525) the right of a married woman to sue in her own name, without joining her husband therein, for a tort to her person or property was established; and the non-joinder of her husband could not be pleaded to abate such action as theretofore. The statute was amended in 1909 (chapter 138, page 210) to permit the husband to join in such action his claim for any damages sustained in

connection with or growing out of the injury for which his wife brought her action, and further providing that his failure to join should not prevent his right to maintain a separate action therefor. A further statute respecting actions by or against married women was passed in 1912 (chapter 232, page 416), providing that a married woman might sue or be sued without joining her husband in any case whatsoever in which he would be an unnecessary party if he were not her husband. *R. S.* 37:2-6; 2-9.

The reason behind the rule that husband or wife may not hold the other civilly liable is that such actions would tend to destroy peace in the family relationship.

Parenthetically, we observe that likewise an unemancipated child may not have such action against its parent. *Cf. Reingold* v. *Reingold,* 115 *N. J. L.* 532; *Cafaro* v. *Cafaro,* 118 *Id.* 123; and this upon the sound public policy of preserving domestic quiet in the family. But to extend that freedom from liability to a third person charged as principal is quite another matter. The plaintiff's right to sue an employer under circumstances like these, is an independent, primary right and not subordinate to or dependent upon the right to sue the servant.

The respondent argues that to allow recovery by a wife against an employer for the tort of her husband is to do violence to the common law rule; that the purpose of the public policy behind the common law rule, *i. e.,* the preservation of domestic peace and harmony, will be jeopardized if recovery may be had by the wife against the master for her husband's legal wrong, since the master, if he be made to respond in damages, may recover his loss from the servant for the servant's breach of duty. But, even so, the master's right of recovery against the servant does not depend upon his succeeding to the rights of the injured party by way of subrogation. His basis for action against the servant is the breach of the duty owed by the servant to the master. *Schubert* v. *Schubert Wagon Co.,* 249 *N. Y.* 253, 257. No one would maintain that a plaintiff, under facts like these, may not bring suit against an employer without joining the servant. The master is liable for the servant's act as though for

his own. "He who acts through another acts by himself" is the ancient legal maxim. Nor is it of any legal consequence that the master has a right of recovery against the servant for the servant's breach of his independent duty to the master. Any subsequent recovery against the husband will have to be satisfied out of his property without recourse to the separate property of the wife. *R. S.* 37:2-12. Her separate estate is immune from attack at the hands of his creditors.

The leading case holding that an employer under these circumstances may not be sued by the wife of a servant for her husband's negligence is *Maine* v. *Maine & Sons Co.,* 198 *Iowa* 1278; 201 *N. W. Rep.* 20; 37 *A. L. R.* 161. This authority has not been followed to any great extent. See *Schubert* v. *Schubert Wagon Co., supra; Caplan* v. *Caplan,* 268 *N. Y.* 445; 198 *N. E. Rep.* 23; *Chase* v. *New Haven Waste Material Co.,* 111 *Conn.* 377; 150 *Atl. Rep.* 107; *Poulin* v. *Graham,* 102 *Vt.* 307; 147 *Atl. Rep.* 698; *McLaurin* v. *McLaurin Furniture Co.,* 166 *Miss.* 180; 146 *So. Rep.* 877; *Sacknoff* v. *Sacknoff,* 131 *Me.* 280; 161 *Atl. Rep.* 669; *Pittsley* v. *David (Mass.),* 11 *N. E. Rep. (2d)* 461; *Koontz* v. *Messner et al.,* 320 *Pa.* 487; 402, 493; 181 *Atl. Rep.* 792; *Amer. Law Inst. Restatement on Agency,* § 217, *comment "B."* We are in accord with these cases to the effect that the trespass by a husband against the person of his wife does not lose its unlawful quality even though the husband is not answerable in damages for it, but this exemption or immunity, which the husband has, does not extend to his employer, when the tort is done in the course of the master's business while the servant is acting under an express or implied authority.

Another point argued by the respondent in defense of the judgment under review is that the wife, at the time of the injury, was a licensee rather than a guest or invitee. The affidavit, in support of the motion to strike the complaint on the ground that the alleged status of the plaintiff as invitee was sham, says that the servant, Hudson, did not have permission from the employer to take his wife with him "on his trips in connection with his employment" and that such permission or authority was not given by the manager of the defendant corporation or by anyone else to his knowledge.

But the plaintiff, in defense of her status as invitee, avers that her husband expressly invited her to accompany him, the reason therefor being that he suffered from hernia which at times produced strangulation and at such times he needed someone with him who knew how to care for him in that emergency; that her husband's superiors knew she accompanied him in the car; that the manager of the Newark office, John Gaynor, accompanied them on several occasions; and then the husband's affidavit states that when he entered the employ of the company he advised the general manager of the New York office of the defendant that he had to have his wife or son accompany him each day because of the infirmity mentioned above and that the general manager acquiesced in that arrangement; that both these officials, on several occasions, rode in the car and in the company of the plaintiff and her husband and knew full well that either the wife or son was to accompany the plaintiff because of his disability. This proof leaves the status of the plaintiff in doubt because of the discrepant allegations, and to be in doubt because of contrariety of proof is to deny the motion to strike. A question for the jury was presented.

The judgment will be reversed, and the complaint will be reinstated, costs to abide the event.

*For affirmance*—DONGES, HETFIELD, DEAR, WELLS, JJ.   4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   11.