PHEBE LANGRICK et al., Plaintiffs, and MARY J. L. FRANK, Plaintiff-Appellant, *v.* RICHARD ROWE et al., Defendants, and THOMAS F. ROWE et al., Defendants-Respondents.

First Department, April 22, 1943.

*Jay Leo Rothschild* of counsel (*Samuel F. Frank* with him on the brief; *Frank, Weil & Strouse,* attorneys), for plaintiff-appellant.

*Milton W. Levy* of counsel (*Joseph T. Arenson* with him on the brief; *Cox & Arenson,* attorneys), for defendants-respondents.

*Per Curiam.* The final judgment in the partition action did not, as between the parties to this appeal, determine that Michael Lynch had survived William Rowe. The referee merely held that the proof adduced was "insufficient to raise a presumption," and accordingly the decree directed that the share be deposited.

The issue of Michael Lynch's survival was later formally presented to the surrogate on notice to all parties. On the additional evidence presented, the surrogate determined that Michael Lynch had not survived William Rowe, but had predeceased him, and the decree entered on the accounting expressly so found. Nevertheless, in later making the *ex parte* application to withdraw the entire fund, appellant in her petition merely told the court that the surrogate's decree held that Michael Lynch "died unmarried and without issue," whereas the decree reads "that Michael Lynch predeceased William Rowe * * * and * * * died unmarried and without issue." The decree was not even annexed to the moving papers, although the prior order and judgment were; it was stated that it would be submitted to the court for its inspection, but the learned Special Term could not recall whether or not it had been submitted. The other parties herein, defendants in the partition action, had repeatedly made claim to a part of the fund. In that state of facts, full disclosure of all the relevant facts should have been made in the petition to the court and notice given to the other parties claimants. The *ex parte* application herein violated rule 32 of the Rules of Civil Practice, providing: "No order shall be made for the payment of money out of court in any action or proceeding except on motion or order to show cause served on the attorneys of all the parties who have appeared therein or filed notice of claim thereto."

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J. (dissenting). The final decree in this proceeding did not direct that the fund here involved be deposited to the credit of the partition proceeding. It directed that the deposit be for the benefit of Michael Lynch or those who claim through or under him. The descendants of Thomas Rowe do not claim through Michael Lynch, have no interest in the fund and were not entitled to notice. The recital in the *ex parte* order dated July 11, 1940, of the inspection of the original decree of the Surrogate of Bronx county, dated November 14, 1939, establishes that nothing was concealed when the *ex parte* order was obtained.

The order appealed from should be reversed and the motion denied.

TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur in *Per Curiam* opinion; MARTIN, P. J., dissents and votes to reverse and deny the motion, with opinion.

Order affirmed, with twenty dollars costs and disbursements.