MARCIA GREENBERG, A MINOR BY HER GUARDIAN *AD LITEM*, LEONARD GREENBERG, AND LEONARD GREENBERG IN HIS OWN RIGHT, PLAINTIFFS-APPELLANTS, v. CATHERINE OWENS AND RICHARD OWENS, DEFENDANTS-RESPONDENTS.

Argued December 8, 1959—Decided January 25, 1960.

*Mr. Patrick J. McGann, Jr.,* argued the cause for the plaintiffs-appellants (*Mr. Louis M. Drazin,* attorney).

*Mr. Frank P. Zimmer* argued the cause for the defendants-respondents (*Messrs. Zimmer & Selikoff,* attorneys).

PER CURIAM. We certified the plaintiffs' appeal from the Law Division's denial of their motion under *R. R.* 4:62–2 to vacate an order dismissing their complaint. The complaint was filed on May 27, 1954, alleging that on November 4, 1953 the plaintiff, Marcia Greenberg, was injured while a

passenger in an automobile which was owned by the defendant Catherine Owens and negligently operated by the defendant Richard Owens. On the date alleged the plaintiff, Marcia Greenberg, was unmarried and 17 years of age, having been born on June 20, 1936. After pretrial the case was put on the military list as Richard Owens was in the armed forces. The plaintiff married Richard Owens on August 17, 1956. Thereafter, both defendants moved to dismiss the complaint on the ground that a wife could not sue her husband for a prenuptial tort. The plaintiff's affidavit opposing the motion stated that the defendant Richard Owens had instituted proceedings to annul the marriage, and that she would not contest his suit. The record does not disclose the disposition of the annulment action. Defendants' brief informs us that it was subsequently "dropped." On June 26, 1957 the trial court granted the defendants' motion and dismissed the action without prejudice and without costs to any of the parties. (But, as to the defendant Catherine Owens, see *Hudson v. Gas Consumers' Ass'n,* 123 *N. J. L.* 252 (*E. & A.* 1939). The plaintiffs did not appeal. In October 1957 the Appellate Division ruled in another case that the marital disability to sue did not extend to prenuptial torts. *Koplik v. C. P. Trucking Corp.,* 47 *N. J. Super.* 196 (*App. Div.* 1957). Shortly thereafter, the plaintiffs made an application "to re-open the Dismissal without prejudice heretofore granted," which was refused, and they did not appeal. Later, this court reversed the Appellate Division's decision in *Koplik* and held that marriage of the parties bars the prosecution of an action based on a prenuptial tort. 27 *N. J.* 1 (1958). In January 1959 the defendant Richard Owens obtained a divorce from the plaintiff, Marcia Greenberg, in the State of Florida, and on February 27, 1959 the plaintiffs moved to vacate the 1957 order dismissing their complaint. The Law Division refused to grant the motion to vacate the order on two grounds. The first was that the change in relationship between the parties as a result of the divorce was insufficient to justify

a vacation of the order. The second was that the cause of action was extinguished by the marriage, and thus could not be revived by the divorce.

We do not reach the substantive question raised by this appeal, namely, whether divorce revives an action for a prenuptial tort which was barred by the marriage of the parties. For regardless of the answer, we must affirm the trial court's refusal to grant the plaintiffs' motion under R. R. 4:62–2 to reopen their case.

 We recently had occasion to examine R. R. 4:62–2 in *Hodgson v. Applegate,* 31 *N. J.* 29 (1959). We said there that a motion under that rule is addressed to the sound discretion of the trial court, guided by equitable principles, and that the trial court's decision will be upheld absent an abuse of discretion. The rule is designed to afford a remedy in the rare situation in which for some equitable reason a judgment or order pronounced by a competent court should not be enforced. There are six listed grounds for relief. The plaintiffs may not invoke grounds (a), (b) or (c), as the motion was made more than one year after the order from which they seek to be relieved and, in any event, these provisions do not cover this kind of case. Nor may they rely on grounds (d) or (e), which obviously cover situations completely unlike that present here. Only ground (f), "any other reason justifying relief," may be available.

 The order sought to be vacated was the original order dismissing the plaintiffs' action after Marcia Greenberg's marriage to the defendant Richard Owens. It was an order expressly made without prejudice, and therefore its existence was no bar to any subsequent proceedings the plaintiffs might decide to institute. The case before the trial court was this: Plaintiffs whose suit had once been ordered dismissed without prejudice were seeking to reinstate the suit by obtaining relief from the order of dismissal. The order of dismissal did not preclude them from bringing another action here or elsewhere. The grounds for relief from the order of dismissal were that the relationship between the

parties had altered after the order was made. There was no allegation that the order was erroneous or inequitable. Nor was there an allegation that the operation of the order worked an unjust hardship on the plaintiffs because of the change in the relationship between the parties, as indeed it did not, since it did not bar a new action. The application was not on notice to the defendant himself, but rather to his original counsel. Both counsel asserted at the oral argument that the present whereabouts of the defendant are unknown. If the matter had been reopened, the action would then have proceeded against a person who left this jurisdiction with the correct understanding that the action had terminated. In these circumstances, we can see no reason to reverse the Law Division's refusal to vacate the order of dismissal.

We express no opinion on the questions whether the parties' divorce has ended the marital disability to sue; whether relief could have been granted if the original order of dismissal had been with prejudice, or whether the change of relationship here involved is ever a proper ground for relief under *R. R.* 4:62–2.

The judgment of the Law Division is affirmed.

JACOBS, J., joined by SCHETTINO, J. (dissenting). On November 4, 1953 the plaintiff Marcia Greenberg was injured while she was a passenger in an automobile driven by the defendant Richard Owens and owned by his mother, the defendant Catherine Owens. Alleging that her injuries resulted from the negligence of Richard and his mother, Marcia and her father, Leonard Greenberg, filed a complaint seeking recovery of medical and related expenses and damages for pain and suffering. Answers were filed by the defendants and a pretrial order was entered. Trial of the matter was delayed because Richard was in the armed forces of the United States and affidavits were filed from time to time by counsel for the defendants certifying that Richard's military service continued. On or about March 11, 1957 the

defendants moved to dismiss the complaint on the ground that Marcia had married Richard while the action was awaiting trial. The plaintiffs resisted this motion and filed an affidavit which pointed out that at the time of the accident and the institution of the action, Marcia was unmarried and that, although she had married Richard on August 17, 1956, she had on January 5, 1957 been served with a summons and complaint in an annulment proceeding which Richard had instituted and which she would not contest. Notwithstanding the foregoing, the trial court entered an order on June 26, 1957 dismissing the entire action by both plaintiffs against both defendants, without prejudice, and on November 13, 1957 it refused to reopen the dismissal.

Richard moved to the State of Florida and on January 7, 1959 he obtained a decree of divorce. On or about February 18, 1959 the plaintiffs served notice upon counsel for the defendants that they would apply to reopen the order of dismissal on the ground that the marriage between Marcia and Richard had been legally terminated. An affidavit by Marcia set forth that Richard was still a resident of Florida although she was not certain as to his exact whereabouts; and during his argument before the trial court in support of his application, counsel for the plaintiffs stated that he would have instituted a new action had he been able to ascertain Richard's address and that he thought that Richard was secreting himself. In opposing the application, counsel for the defendants did not tender Richard's address nor did he question the propriety of the service of the application to reopen upon him as counsel for both defendants. See *Langrick v. Rowe,* 32 *N. Y. S. 2d* 328, 337 *(Sup. Ct.* 1941), affirmed 265 *App. Div.* 793, 41 *N. Y. S. 2d* 82 (1943), affirmed 291 *N. Y.* 756, 52 *N. E. 2d* 964 (1943). Indeed, during oral argument before us, he stated that he had been retained by the defendants' insurance carrier and that he considered himself fully authorized to appear on behalf of both defendants. He did not contend that the defendants had taken any steps in reliance on the supposed finality of the order of dismissal

or that they would suffer any material prejudice by the reopening; on the contrary, he rested on the position that the dismissal was legally proper, that nothing had been shown to warrant its reopening, and that the plaintiffs were still at liberty to institute a new action. Although there was discussion as to the New Jersey statute of limitations (*N. J. S.* 2A:14–1 *et seq.*), counsel for the defendants did not suggest that the statute of limitations in Florida had not already barred such new action (see *F. S. A.* § 95.11; *Slaughter v. Tyler,* 126 *Fla.* 515, 171 *So.* 320 (1936); *Manning v. Serrano,* 97 *So. 2d* 688 (*Fla. Sup. Ct.* 1957)) nor did he indicate how the plaintiffs could have effectively prosecuted an action against both defendants in Florida in view of their lack of knowledge of Richard's whereabouts and the continued residence of his mother in New Jersey.

After hearing the argument of counsel, the trial court denied the application, expressing the view that the divorce "standing alone" was not sufficient to warrant the reopening of the order of dismissal and stating that it accepted the position "that the marriage extinguished the right to sue which could not be revived, keeping in mind that right to sue means the right to continue to its logical conclusion —cannot be revived by reason of a divorce between the parties at some subsequent time." Thus, despite their diligent and persistent efforts, the plaintiffs have found themselves unable to obtain a trial on the merits of their claims. It seems to us that they have been dealt with harshly all along the course and have been subjected to erroneous rulings which the *per curiam* now declines to correct. The practical result is that the plaintiffs are to receive no recompense whatever for their expenses and injuries, the defendants (though the expenses and injuries may have been exclusively their fault) are to be rendered wholly immune, and their insurance carrier is to receive a complete windfall. And this rather startling result is being reached in a modern judicial system which generally acknowledges that procedures must be molded and applied with fair recognition of the fact that "justice

to the litigants is always the polestar." See *Martindell v. Martindell,* 21 *N. J.* 341, 349 (1956) ; *Yannuzzi v. United States Casualty Co.,* 19 *N. J.* 201, 212 (1955) ; *New Jersey Highway Authority v. Renner,* 18 *N. J.* 485, 495 (1955).

The trial court's dismissal of the action was apparently based on the notion that its continued maintenance by Marcia after she had married Richard would interfere with their domestic tranquillity and would be contrary to New Jersey's public policy. The facts display that there was no domestic tranquillity to disturb and as the dissenting opinion in *Koplik v. C. P. Trucking Corp.,* 27 *N. J.* 1, 13 (1958) indicates there really was no sound reason or policy calling for the dismissal. See 34 *Notre Dame Law* 145 (1958) and 27 *Fordham L. Rev.* 422 (1958), reprinted in 82 *N. J. L. J.* 29, 48 (1959). Indeed, even under the majority opinion in *Koplik,* there was no justification for the dismissal of the action insofar as it related to Marcia's claim against Richard's mother and Leonard's claim against both defendants since those claims did not involve any proceedings between husband and wife. See *Hudson v. Gas Consumers' Association,* 123 *N. J. L.* 252 (*E. & A.* 1939) ; *Clement v. Atlantic Casualty Ins. Co.,* 13 *N. J.* 439 (1953) ; *cf. Radelicki v. Travis,* 39 *N. J. Super.* 263 (*App. Div.* 1956).

Whatever policy might be suggested against the continuance of the action while Marcia and Richard remained married was clearly dissipated upon their divorce. As we view the majority opinion in *Koplik* it did not intend to destroy the cause of action but merely intended to disable its prosecution while the parties continued as husband and wife. See 27 *N. J.,* at *page* 7; *cf. Johnson v. Peoples First National Bank & Trust Co.,* 394 *Pa.* 116, 145 *A. 2d* 716 (*Pa. Sup. Ct.* 1958). In any event, the issue need not be pursued (see *Prosser, Torts,* § 101, *p.* 673 (*2d ed.* 1955)) since the *per curiam* does not determine that the divorce did not remove the barrier of *Koplik* but simply finds that the trial court's denial of the application to reopen was not an abuse

of discretion. This ignores the fact that the discretion was largely influenced by the trial court's erroneous belief that *Koplik* destroyed the cause of action; indeed its formal order denying the application to reopen sets forth as its sole reason that "the plaintiffs' cause of action was extinguished by her marriage to the defendant and could not be revived by her subsequent divorce." It can hardly be said with any confidence that the trial court would have taken the same course if it had viewed *Koplik* as merely suspending the cause of action rather than extinguishing it. Furthermore, we believe that the circumstances plainly called for the reopening of the dismissal rather than, as the *per curiam* suggests, for the institution of a new action. No such new action could have been effectively prosecuted in New Jersey against Richard because he was no longer in New Jersey. See *N. J. S. A.* 39:7–2.1; *Cassan v. Fern,* 33 *N. J. Super.* 96 (*Law Div.* 1954). If, perchance, Richard could have been located by the plaintiffs in Florida they might have instituted an action there but the defendants have not suggested that the Florida statute of limitations would not have acted as a barrier or that Richard's mother could have been effectively joined there as a defendant. In any event, New Jersey rather than Florida was clearly the proper and convenient forum for the litigation; the accident took place in New Jersey where all of the parties were resident and all of the witnesses were available and it was the only jurisdiction where the claims against Richard and his mother could have been prosecuted in a single action. See *Gore v. United States Steel Corp.,* 15 *N. J.* 301 (1954), *certiorari* denied 348 *U. S.* 861, 75 *S. Ct.* 84, 99 *L. Ed.* 678 (1954); *Starr v. Berry,* 25 *N. J.* 573 (1958).

The trial court's order of dismissal was necessarily subject (as all final judgments and orders are) to the provisions of *R. R.* 4:62–2 which was taken from and has its counterpart in *Federal Rule* 60(*b*). It provides, in effect, that final judgments and orders may be reopened for six stated reasons including "(f) any other reason justifying relief from the

operation of the judgment or order." In *Klapprott v. United States,* 335 *U. S.* 601, 69 *S. Ct.* 384, 93 *L. Ed.* 266 (1949), the Supreme Court reversed a trial court's refusal to vacate a judgment entered four and a half years earlier; referring to the six classes of cases enumerated in *Rule* 60(*b*) Justice Black said:

"In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."

See *Hogan v. Hodge,* 6 *N. J. Super.* 55, 59 (*App. Div.* 1949); *Wilford v. Sigmund Eisner Co.,* 13 *N. J. Super.* 27, 33 (*App. Div.* 1951).

In the *Wilford* case Justice Brennan noted that the power now afforded by *R. R.* 4:62–2 "should doubtless be freely exercised when the enforcement of a judgment would be unjust, oppressive or inequitable as to the party moving to vacate it." In *Re Cremidas' Estate,* 14 *F. R. D.* 15 (*D. Alaska* 1953) the District Court, in permitting the reopening of a judgment which had been entered over three years earlier, indicated that its discretion should incline towards granting the relief to avoid a hardship, particularly where "no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue." Similarly, in *Erick Rios Bridoux v. Eastern Air Lines,* 93 *U. S. App. D. C.* 369, 214 *F. 2d* 207 (*D. C. Cir.* 1954), *certiorari* denied 348 *U. S.* 821, 75 *S. Ct.* 33, 99 *L. Ed.* 647 (1954), the Court of Appeals, in reversing a trial court's refusal to reopen a default judgment, stressed the "more liberal attitude" evidenced by Justice Black's opinion in the *Klapprott* case and the absence of any showing of prejudice to intervening rights or any just reason for precluding a trial on the merits. See *Patapoff v. Vollstedt's, Inc.,* 267 *F. 2d* 863 (9 *Cir.* 1959).

In its unanimous opinion in *Hodgson v. Applegate,* 31 *N. J.* 29, 43 (1959), this court recently noted that the

principle of finality of judgments is not an absolute one and that it "must be weighed in the balance with the equally salutary principle that justice should be done in every case." On balance, it seems entirely evident to us that the latter principle should prevail under the circumstances presented in the instant matter and that the trial court's refusal to reopen the judgment should be set aside to the end that the case may fairly be permitted to proceed for the first time to a trial on the merits. See *Devlin v. Surgent,* 18 *N. J.* 148, 153 (1955).

We vote to reverse.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, FRANCIS and PROCTOR—4.

*For reversal*—Justices JACOBS and SCHETTINO—2.