60 N.J. Super. 362 (1960)
158 A.2d 728
DOROTHY POPE LONG, A MENTAL INCOMPETENT, BY HER GUARDIAN, A. PARKER LONG, PLAINTIFF,
v.
MORRIS LANDY AND CELIA LANDY, HIS WIFE, DEFENDANTS AND THIRD-PARTY PLAINTIFFS,
v.
A. PARKER LONG, ADMINISTRATOR OF THE ESTATE OF JOHN RUSSELL LONG, DECEASED, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 6, 1960.
*363 Mr. H. Hurlburt Tomlin, attorney for plaintiff.
Mr. Edgar E. Moss, II, appearing for defendant and third-party plaintiff (Messrs. Starr, Summerill & Davis, attorneys).
Mr. Edward W. Eichmann, attorney for third-party defendant.
MARTINO, J.C.C. (temporarily assigned).
Litigation arising from interspousal torts has kindled sparks of illuminating discussion in our highest court on several occasions. Each case approached the question on a different hypothesis. A suit by husband against his wife in the workmen's compensation field was held to be without validity. Bendler v. Bendler, 3 N.J. 161 (1949). A suit by a plaintiff against a defendant who became plaintiff's spouse after suit was instituted but before judgment was held not maintainable. Koplik v. C.P. Trucking Corp., 27 N.J. 1 (1958). A plaintiff who became the spouse of a co-defendant after judgment was obtained in plaintiff's favor and paid by one of the joint tortfeasors did not bar contribution against the defendant spouse. Pennsylvania Greyhound Lines, Inc. v. Rosenthal, 14 N.J. 372 (1954). Where the husband was guilty of contributory negligence, he was not liable to contribution for a damage verdict obtained by his wife, a *364 passenger in his car, against the other joint tortfeasor. Kennedy v. Camp, 14 N.J. 390 (1954).
Litigation is forever compounding new formulas of fact. This case presents the latest. Plaintiff, while riding with her husband in his automobile, sustained injuries which resulted in the loss of her reason and competency, and her husband was fatally injured when his vehicle collided with the automobile of another. The plaintiff wife, through a guardian, sued the owner and operator of the other vehicle, and in a separate count sues her husband's general administrator for her husband's negligence. The owner and operator of the other vehicle filed a third-party complaint against the husband's general administrator seeking contribution because of the husband's negligence.
The general administrator now seeks a judgment of dismissal of that count which the wife's guardian has set out against him, and he likewise seeks a dismissal of the third-party complaint for contribution. The principal reason the general administrator gives for dismissal of the wife's count against him is that if the husband had survived, the suit could never continue, Bendler v. Bendler, supra; Koplik v. C.P. Trucking Corp., supra, and therefore the third-party complaint for contribution should likewise fail, Kennedy v. Camp, supra. He contends that the death of the husband does not change this basic principle of common law which is now a part of our substantive law.
"It is an ancient rule of the common law that a tort committed by one spouse against the person or character of the other is not remedial by action * * * the doctrine is generally sustained on the `sociological and political ground that it would introduce into the home, the basic unit of organized society, discord, suspicion and distrust, and would be inconsistent with the common welfare.'" Kennedy v. Camp, supra.
No one can dispute the conclusion that the pending action could not result in any domestic discord, since the wife is bereft of mental competency and her husband is deceased.
*365 In Pennsylvania Greyhound Lines, Inc. v. Rosenthal, supra, 14 N.J., at pages 388-389, the Supreme Court said:
"The considerations of marital unity and domestic peace and felicity underlying the ancient policy interdicting actions between spouses, Bendler v. Bendler, 3 N.J. 161 (1949), have no place here."
Hudson v. Gas Consumers Corp., 123 N.J.L. 252 (E. & A. 1939); Clement v. Atlantic Casualty Ins. Co., 25 N.J. Super. 96 (Cty. Ct. 1953), affirmed 13 N.J. 439 (1953); Pennsylvania Greyhound Lines, Inc. v. Rosenthal, supra, were all cases in which "the interest of justice dictated recovery and since [these] actions were not between spouses as adverse party litigants, our courts found no policy obstruction." See dissent in Kennedy v. Camp, supra, 14 N.J., at page 402.
Although our State has never had occasion to pass upon the question of the right of one spouse to sue the estate of the deceased spouse for the latter's negligence, the question was presented squarely to the Pennsylvania Supreme Court for the first time a little more than a year ago. Johnson v. Peoples First National, 394 Pa. 116, 145 A.2d 716 (Sup. Ct. 1958); cf. Kaczorowski v. Kalkosinski, 321 Pa. 438, 184 A. 663, 104 A.L.R. 1267 (Sup. Ct. 1936). In Pennsylvania, as in our own State, it is the rule that one spouse cannot maintain a tort action against the other spouse during coverture to recover damages for personal damage caused by the other spouse. Koontz v. Messer, 320 Pa. 487, 181 A. 792 (Sup. Ct. 1935); Kaczorowski v. Kalkosinski, supra; Kiser v. Schlosser, 389 Pa. 131, 132 A.2d 344 (Sup. Ct. 1957); Fisher v. Diehl, 156 Pa. Super. 476, 40 A.2d 912 (Super. Ct. 1945). See Bohenek v. Niedzwiecki, 142 Conn. 278, 113 A.2d 509 (Sup. Ct. Err. 1955). See also 43 A.L.R.2d 632 for collected cases from other jurisdictions. The personal immunity which protects the husband (or wife) is based simply upon the policy of preserving domestic peace and felicity. See cases cited above.
*366 The Pennsylvania Supreme Court in its adjudication unanimously felt that death having terminated the marriage, domestic peace and felicity suffered no damage from the allowance of the enforcement of the cause of action of a widow against her deceased husband's personal representative to recover damages for personal injuries received by her as a result of the husband's negligent operation of a motor vehicle, which negligent conduct occurred during coverture. Johnson v. Peoples First National, supra.
It must be emphasized at this point that the basis for the immunity in Pennsylvania arose from a "policy of preserving domestic peace and felicity" [394 Pa. 116, 145 A.2d 717] (emphasis added). The theory projected by our latest New Jersey decision is that our statutory law has perpetuated the interspousal negligence tort immunity originally created by the common law, and regardless of the views expressed in other jurisdictions, we must come back to our own statute for the ultimate decision. Koplik v. C.P. Trucking Corp., supra.
In Koplik the court said: "our statute simply disables or incapacitates the spouse * * * from suing the tortfeasor mate," and "so the crucial criterion is simply whether the litigants are husband and wife. If so, the public policy of the State, as reflected in the statute, bans the action." (27 N.J., at page 7.)
In Clement v. Atlantic Casualty Ins. Co., supra, the court said:
"The integrity of the marriage relationship was of primary concern to society, and the principle of the statutory provisions continued the common law mutual disability of a husband and wife * * * to sue each other * * *. The immunity of the spouse does not carry over to a third party against whom a direct cause of action exists, even though the negligent husband's conduct is the basis of the claim made." (13 N.J., at page 445.)
An interesting point not briefed by counsel is the part that the survival statute, N.J.S. 2A:15-4, as it applies to the deceased tortfeasor, would play in the disposition of *367 the question presented. However, Johnson v. Peoples First National, supra, disposes of that point by its comment on a similar survival statute of Pennsylvania, and that court's disposition of that argument would seem to comport with this court's judgment. In pursuing the reasoning which all our cases present, the conclusion appears to be inescapable that there is no justification to dismiss either cause of action.
Motions will be denied.