90 N.J. Super. 128 (1966)
216 A.2d 409
HELEN FAMELY, PLAINTIFF-RESPONDENT,
v.
MAX FAMELY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 1965.
Decided January 17, 1966.
*129 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
Mr. Morris N. Hartman argued the cause for appellant (Mr. Harry Schaffer, of counsel).
Mr. Leslie H. Cohen argued the cause for respondent (Mr. Harry B. Kotler, attorney; Mr. Charles P. O'Neill on the brief).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Defendant appeals from an order of June 15, 1964 denying his motion to vacate the final judgment entered herein on April 4, 1963 and from an order of August 10, 1964 denying his motion to amend the June 15, 1964 order.
*130 This action was instituted by plaintiff wife on April 24, 1962, to restrain the prosecution of a divorce action which the husband had instituted in the State of Nevada against her, allegedly without cause and while he was actually domiciled in New Jersey. An order to show cause dated April 24, 1962 and returnable May 3, 1962 issued on the filing of the complaint and an accompanying affidavit. It contained a temporary restraint against further prosecution of the Nevada action.
Although defendant, then in Nevada, admittedly received on April 30, 1962 the order to show cause which was mailed to him as provided by said order, he nevertheless proceeded with the Nevada action. On May 2, 1962, a decree of divorce was entered therein. An order granting plaintiff an interlocutory injunction was entered in the New Jersey action on May 11, 1962.
Plaintiff has never appeared in any Nevada proceedings. Prior to his motion to vacate the final judgment herein served on April 10, 1964, defendant never appeared in the New Jersey proceedings.
On November 5, 1962 plaintiff filed a petition for leave to file an amendment by way of supplement to her complaint to recite the entry of the Nevada decree and its alleged invalidity. The order granting such leave entered November 5, 1962 directed that defendant have 20 days after service to appear or answer. Personal service of the papers was made on defendant in Las Vegas, Nevada, on November 28, 1962.
An interlocutory judgment and order for proofs ex parte was entered herein on January 30, 1963. After the taking of oral proofs on April 4, 1963, a final judgment was entered that day decreeing:
"* * * that the said decree of absolute divorce granted by the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, dated the 2nd day of May, 1962, be and the same is hereby declared to be null, void and of no force or effect in this state.
It is further ordered that the defendant, Max Famely, present the truth to the Eighth Judicial District Court of the State of Nevada, in *131 and for the County of Clark and request that its said Decree be vacated."
Defendant received a copy of the final judgment on April 8, 1963.
Allegedly in response to the direction of the final judgment that he "present the truth" to the Nevada court, defendant on December 10, 1963 instituted a new action against the wife in the Nevada court seeking "a declaratory judgment to adjudge the marital status between him and the defendant" and gave the wife notice thereof by mail. When she did not respond he, in February 1964, obtained a decree of the Nevada court adjudging that the prior divorce decree of May 2, 1962 was "a valid Nevada divorce." We find no merit in defendant's argument that the declaratory judgment proceeding instituted in Nevada was a compliance with the provision of the final judgment in this cause which adjudged the Nevada divorce invalid and required the husband to present the truth to the Nevada court. On the contrary, the truth referred to was what had been adjudicated by the final judgment, that the Nevada divorce was null, void and of no force and effect in New Jersey.
On April 10, 1964 defendant husband served on the wife's attorney a notice, entitled in this action, that he would apply to the Chancery Division on April 24, 1964 for an order
"* * * relieving the defendant from, and vacating and setting aside, the final judgment heretofore entered against said defendant on April 4, 1963, and this in accordance with the provisions of R.R. 4:62-2, upon the grounds that such judgment is void, that it is no longer equitable that the judgment should have prospective application, and for other reasons which justify relief from the operation of the judgment, as more fully appears in the affidavit of Max Famely, the exhibits attached hereto and the supporting brief, upon which the undersigned will rely on such motion."
The attached affidavit of the husband recited the Nevada proceedings, evidence to show that defendant's domicile was in Nevada, and stated that his attorney had advised him that the proofs on the basis of which the final judgment of April *132 4, 1963 had been entered "did not warrant the entry of judgment."
After argument the trial court, citing Garza v. Paone, 44 N.J. Super, 553 (App. Div. 1957), denied defendant's motion to vacate the final judgment because it was not "made within a reasonable time" after entry of the judgment, as required by R.R. 4:62-2. It refused to rule on the claim asserted by defendant for the first time at the oral argument of the motion that, to use the language of the first point of defendant's brief on appeal,
"The judgment of April 4, 1963 is void because the Court never acquired jurisdiction over the defendant since he was not served with process as required by the rules of Court."
Defendant argued, and argues here, that to obtain jurisdiction over a nonresident defendant, the rules require that he be given 35 days to answer, citing Henderson v. Henderson, 10 N.J. 390 (1952), and Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 492 (1952), and that such jurisdiction was not obtained since the order of November 5, 1962 provided only 20 days to answer.
The order denying defendant's motion to vacate the judgment was entered on June 15, 1964. By notice of motion returnable June 26, 1964 defendant sought again to argue and have the trial court determine the issue of the alleged deficiency of process which the court had refused to consider. In an oral opinion, the court again refused to rule on that issue. It elaborated on the reasons theretofor given for denying the motion to vacate the judgment, referring, inter alia, to cases which have held that a motion for relief from a final judgment under R.R. 4:62-2 "is addressed to the sound discretion of the trial court, guided by equitable principles." Hodgson v. Applegate, 31 N.J. 29, 37 (1959); Greenberg v. Owens, 31 N.J. 402, 405 (1960); see also Shammas v. Shammas, 9 N.J. 321, 328 (1952). The order denying defendant's last motion was entered August 10, 1964.
*133 The trial court properly refused to consider defendant's belated claim of lack of jurisdiction over the person. Field v. Field, 31 N.J. Super. 139, 149 (App. Div. 1954); cf. R.R. 4:12-2. Defendant's motion papers were directed toward an attack on the merits of the judgment entered in the action for an injunction. The papers asserted that the matrimonial domicile was in Nevada, that the Nevada judgment was dispositive of the matter, and that the proofs on the basis of which the New Jersey court had ruled otherwise were insufficient. No reference is made to the alleged lack of personal jurisdiction. As the court said in Field v. Field, supra, with respect to a situation similar to that presented in this case:
"* * * the objection of lack of jurisdiction over the person must be noted or in some way raised by the moving papers so as to preserve it. Otherwise it is waived." (at p. 149)
The trial court's denial of defendant's motion to vacate the judgment because it was not made within a reasonable time finds support in Garza v. Paone, 44 N.J. Super. 553 (App. Div. 1957). Quaere, whether defendant's conceded and uncorrected violation of the ad interim restraint contained in the order to show cause of April 24, 1962 is not in itself a bar to the application? Cf. Sarner v. Sarner, 45 N.J. Super. 216, 221 (App. Div. 1957), certification denied 25 N.J. 103 (1957); Edell v. Edell, 6 Misc.2d 631, 159 N.Y.S.2d 855 (1957); Palmer v. Palmer, 53 N.Y.S.2d 784 (Sup. Ct. 1945).
Yet the present situation is far from satisfactory. In ex parte proceedings the Nevada court has said that the matrimonial domicile was in Nevada. In similar ex parte proceedings the New Jersey court has ruled that it was in New Jersey. In neither court did the adversary appear to submit contradictory proofs.
More important, the rights and obligations of the parties and of their three children, including support, maintenance, custody and visitation rights, remain unsettled. Defendant *134 desires to visit his children yet is fearful that if he comes to this State to do so, he will be cited for contempt. The children are entitled to support from defendant. So, too, is the wife, even if it should be ultimately adjudged that the Nevada divorce is entitled to full faith and credit. See N.J.S. 2A:34-24.1, which provides:
"When a husband has secured a judgment or decree of divorce, whether absolute or from bed and board, or of nullity or annulment of marriage, in an action whether brought in this State or elsewhere, wherein jurisdiction over the person of the wife was not obtained, the court may make the same orders and judgments touching the suitable support and maintenance to be paid and provided by the husband, or to be made out of his property, for the wife and her children, or any of them, by their marriage and for such time, as the nature of the case and circumstances of the parties render suitable and proper, pursuant to the provisions of the statute hereby supplemented notwithstanding the securing of such judgment or decree."
The wife's affidavit charges that because she would not recognize the Nevada divorce, the husband has arbitrarily and drastically reduced the monthly payments he had been sending for the support of the wife and children.
In the circumstances of this case it is our view that equitable principles dictate that despite the husband's delay in applying to vacate the final judgment and despite his violation of the original restraining order, he be permitted to defend the injunction action on the merits (cf. Grunauer v. Grunauer, 80 N.J. Super. 531 (App. Div. 1963)), if he consents to the amendment of plaintiff's complaint to include, in addition to the relief heretofore prayed for, (1) a count seeking support for the children of the marriage; (2) a count seeking support and maintenance for the wife under N.J.S. 2A:34-24 if it should be adjudged that the Nevada divorce was invalid; and (3) a count seeking support and maintenance for the wife under the provisions of N.J.S. 2A:34-24.1 if it should be determined that the Nevada divorce decree is entitled to full faith and credit.
The judgment will, therefore, be affirmed with a direction to the trial court that if on or before February 25, 1966, defendant *135 on notice to plaintiff moves for leave to defend the injunction action on the merits and agrees to the conditions above set forth, then the final judgment shall be vacated and defendant shall be permitted to file an answer to the original complaint as heretofore supplemented, as well as to the counts for support and maintenance to be added thereto. If defendant so moves, no proceedings shall thereafter be taken to adjudge him in contempt for violation of any orders heretofore entered in these proceedings.